ORIGINAL

ECF

FILED
JUL 1 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMERICAN TELECOM CORPORATION
P.O. Box 21742
Charleston, SC 29403

Plaintiff,

v.

THE UNITED STATES,

SERVE: Attorney In Charge of Litigation
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Defendant.

Civil Action No. 03-1627C

## COMPLAINT

Plaintiff American Telecom Corporation, by the undersigned counsel, files this Complaint against Defendant the United States, and alleges as follows:

### JURISDICTIONAL STATEMENT

1. Jurisdiction is conferred by 28 U.S.C. § 1491. This action is brought pursuant to the provision of 41 U.S.C. § 609(a) and seeks a judgment in the amount of $1,618,538.23, plus interest, for costs incurred by Plaintiff under its contracts with Defendant.

2. Plaintiff, American Telecom Corporation ("ATC"), is a small disadvantaged business and 8(a) technology installation firm with its principal place of business in Charleston, South Carolina.

3. Defendant, the United States of America, acting by and through the Department of the Interior, Mineral Management Service, a federal agency, is a body politic authorized by law to enter into contracts for the procurement of goods and services.

COUNT I – ALBANY CONTRACT
(Wrongful Termination and Assessment of Excess Reprocurement Costs)

4. On or about January 29, 1999, the United States Department of the Interior, Minerals Management Service (hereinafter "Government") awarded Contract No. 1435-01-99-RC-30978 (hereinafter "Albany Contract") to American Telecom Corporation ("ATC" or "Contractor") to provide all labor, equipment and materials to perform site preparation and cabling at the Department of Veterans Affairs, Samuel S. Stratton Medical Center in Albany, New York (hereinafter "Albany Project").

5. The Albany Contract was a firm-fixed-price, indefinite quantity, indefinite delivery order contract. The total estimated cost for the work to be accomplished under the Albany Contract was $2,863,532.56.

6. Shortly after contract award, ATC commenced performance. Upon performance, ATC encountered undisclosed conditions and obstructions that were materially different from the Albany Contract drawings and were not observable by ATC's pre-bid site inspection.

7. The Government had knowledge of the undisclosed conditions and obstructions and failed to properly depict the conditions on the Albany Contract drawings or disclose the conditions to ATC.

8. ATC's reliance on the inaccurate Albany Contract drawings and the Government's representations impacted its material delivery plan, impeded its progress performance and caused ATC to incur additional costs.

9. On or about October 4, 1999, the Government issued a show cause notice for ATC's alleged delay of the Albany Project.

10. On or about October 14, 1999, ATC responded to the Government's show cause notice and stated that it continued to encounter significant differing site conditions than depicted in the Albany Contract drawings. ATC also stated that it was preparing a new project schedule to plan future operations for achievement of the completion date.

11. On or about October 29, 1999, the Government wrongfully terminated ATC for default for failure to make substantial progress on the Albany Project in accordance with ATC's original project schedule. Because the Government directly impeded ATC's progress performance by failing to disclose conditions and obstructions that were materially different from the Albany Contract drawings and therefore, the Government's default termination is wrongful.

12. On or about April 7, 2000, the Government awarded a contract to reprocure the site preparation and cabling work on the Albany Project.

13. By letter dated July 11, 2002, the Government stated that it had incurred costs to reprocure the work on the Albany Project, which costs were subject to final calculation.

14. On or about September 19, 2002, ATC requested a final decision of the Contracting Officer establishing the Government's excess costs of reprocurement on the Albany Project.

15. By letter dated February 4, 2003, the Contracting Officer issued a final decision establishing the costs to reprocure the Albany work. The Contracting Officer stated that ATC owed the Government $699,115 for costs associated with completing the Albany Project under a reprocurement contract.

16. ATC is entitled to conversion of the wrongful default termination to a termination for the convenience of the Government, thereby denying the Government right to excess reprocurement costs and requiring the Government to reimburse ATC for all costs incurred during performance of the Albany Contract.

17. Upon information and belief, the Government's reprocurement costs are unreasonable and the reprocurement award is materially dissimilar from the ATC Albany Contract. The Government's calculation of reprocurement costs fail to provide a credit for materials and cable paid and stored by ATC at the Project site.

18. By wrongfully terminating ATC for default on the Albany Project and/or charging ATC for Reprocurement costs that are unreasonable or outside the scope of ATC's work, the Government's assessment of reprocurement costs is improper.

WHEREFORE, Plaintiff prays that this Court enter judgment in the amount of $1,504,733.46 and deny the assessment of reprocurement costs on the Albany Project against ATC plus interest, costs, and other such further relief as the Court may deem appropriate.

## COUNT III – BATH PROJECT
(Unpaid Invoices)

19. The allegations contained in paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. On or about January 29, 1999, the United States Department of the Interior, Minerals Management Service (hereinafter "DOI" or "Government") awarded Contract No. 1435-01-99-RC-30982 (hereinafter "Bath Contract") to American Telecom Corporation ("ATC" or "Contractor") to provide all labor, equipment and materials to perform site preparation and

cabling at the Veterans Administration Medical Center in Bath, New York (hereinafter "Bath Project").

21. The Bath Contract was a firm-fixed-price, indefinite quantity, indefinite delivery order contract. The total estimated cost for the work to be accomplished under the Bath Contract was $595,170.81.

22. On or about July 3, 2000, the Government accepted ATC's work in completion of the Bath Project.

23. Upon completion of the Bath Project, the Government failed to pay all outstanding ATC invoices.

24. On or about May 29, 2002, ATC submitted a certified claim to the Contracting Officer for payment of ATC's Invoice No.11, plus Prompt Payment Act interest, in the amount of $113,804.77.

25. By letter dated July 11, 2002, the Contracting Officer issued a final decision denying ATC's certified claim for payment of Invoice No. 11.

26. ATC's Invoice No. 11 was properly submitted to the Government for payment and the Government has failed to make payment in the amount of $113,804.77, plus interest and Prompt Payment Act interest.

27. The Government wrongfully terminated ATC on the Albany Project and therefore, the payment withheld from ATC on the Bath Project to setoff costs on the Albany Project is improper.

28. For the reasons set forth herein, ATC is entitled to payment for Invoice No. 11 in the amount of $113,804.77.

WHEREFORE, Plaintiff prays that this Court enter judgment in the amount of $113,804.77, plus interest, Prompt Payment Act interest, costs, and other such further relief as the Court may deem appropriate.

Respectfully submitted,

Robert J. Symon
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005
(202) 898-5800

Attorney for Plaintiff
AMERICAN TELECOM CORPORATION

July 1, 2003

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2003, a copy of the foregoing **Complaint** was forwarded via first class mail, postage prepaid to the following:

Dan McCarthy
Contracting Officer
Department of the Interior
Minerals Management Service
381 Elden Street
Mail Stop 2500
Herndon, Virginia 20170

Robert J. Symon