IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1627C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**[1]

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully moves for partial dismissal of plaintiff American Telecom Corporation's (hereinafter "ATC") complaint. The Election Doctrine of the Contract Disputes Act deprives this Court of jurisdiction to entertain ATC's claim in Count I to recover damages of $1,504,733.46 for the alleged wrongful termination for default of two contracts with plaintiff. ATC previously filed an appeal before the Interior Board of Contract Appeals (the "Board") raising the same claims it asserts here – that the contracting officer improperly terminated two contracts with plaintiff for default. By pursuing these claims before the Board, ATC made a binding election to proceed in that forum, to the exclusion of this Court. The Election Doctrine, therefore, mandates that the claims for damages based upon the alleged wrongful termination be dismissed for lack of subject matter jurisdiction. In support of this dispositive motion, we rely upon ATC's complaint, copies of ATC's complaint and several other

---

[1] To expeditiously address a large portion of plaintiff's claims, we file this motion in lieu of an answer to the complaint. Because we will not know what portion of the complaint will need to be answered until after this motion is resolved, we respectfully request 20 days from the date this Court rules upon this motion in which to file our response to the complaint.

pleadings before the Board, and the declaration of the contracting officer verifying that ATC was given notice of its right to appeal the contracting officer's decision, and the following brief.

## QUESTION PRESENTED

Whether this Court should dismiss ATC's claim in Count I to recover damages of $1,504,733.46 for the alleged wrongful termination for default of two contracts with plaintiff for lack of subject matter jurisdiction, because ATC has irrevocably elected to adjudicate those claims before the forum of the Board and to the exclusion of this Court, thus, depriving this Court of jurisdiction under the Election Doctrine of the Contract Disputes Act.

## STATEMENT OF THE FACTS

### I. Prior Proceedings Before The Interior Board Of Contract Appeals

On January 29, 1999, the Department of the Interior, Minerals Management Service (hereinafter, the "DOI"), non-competitively awarded two delivery orders, Nos. 1435-01-99-RC30978/82115 and 1435-01-99-RC30982/82140, to ATC for work in renovating certain telephone and data systems at the Department of Veteran's Affairs's Samuel S. Stratton Medical Center in Albany, New York (hereinafter the "Albany VA Project"). See App. 001-002.[2] Subsequently, on October 29, 1999, DOI terminated ATC for default on both delivery orders.

On December 10, 1999, ATC filed an appeal before the Interior Board of Contract Appeals. ATC's one-count complaint asserted that DOI improperly terminated its contracts with DOI for default. ATC alleged that the contracts were based on delivery orders 1435-01-99-RC30978/82115 and 1435-01-99-RC30982/82140 for the renovation of the telephone and data system at the Albany VA Project. App. 001-007 (Compl. of ATC before Board). ATC sought,

[2] "App." refers to the Appendix of exhibits attached to this motion.

among other things, "such compensation as it is due under the termination for convenience clause." App. 006.

On January 10, 2000, DOI filed its answer to ATC's complaint. App. 008. DOI subsequently moved to dismiss ATC's complaint because of ATC's failure to answer requested discovery. App. 015. On October 25, 2001, the Board granted in part and denied in part DOI's motion to dismiss, permitting ATC's claim challenging the termination for default and seeking conversion to a termination for convenience to continue. App. 018.

On November 9, 2001, ATC moved to withdraw its claims before the Board, stating that it had largely ceased its operations and was financially unable to continue to pursue its claims before the Board. ATC sought a dismissal without prejudice, such that it would not be precluded "from later challenging the default as a defense to the future imposition, assessment, or offset of any excess reprocurement costs" under the Fulford Doctrine. App. 022. The Board granted ATC's motion in its December 3, 2001 Order, dismissing ATC's appeal "without prejudice to [ATC]'s potential right to challenge excess reprocurement costs should the government decide to impose them." App. 025.

II. Plaintiff's Present Complaint

On July 1, 2003, ATC initiated the present action pursuant to section 609(a) of the Contract Disputes Act. Compl. at ¶ 1. In Count I, ATC asserts that DOI wrongfully terminated Contract No. 1435-01-99-RC-30978 on or about October 29, 1999. Id. at ¶¶ 4, 11. DOI subsequently awarded a reprocurement contract to complete the work on the Albany VA Project. Id. at ¶¶ 12-13. ATC further alleges that, on or about February 4, 2003, the contracting officer, upon request of ATC, issued a final decision that ATC owed $699,115 for costs associated with

completing the Albany VA Project. Id. at ¶¶ 14-15. ATC seeks to have this Court convert the termination for default to a termination for convenience and, if converted, seeks recovery of $1,504,733.46 in damages for the wrongful termination for default. Id. at ¶ 16 & Count I, Wherefore Clause. ATC further seeks denial of the assessment of $699,115 in reprocurement costs. Id. at ¶ 15.

ATC asserts a second count (identified as "Count III") seeking recovery of $113,804.77 plus interest on an invoice submitted for payment on Contract No. 1435-01-99-RC-30. Compl. at ¶ 24. ATC asserts that DOI has wrongfully withheld this amount as an offset to the reprocurement costs assessed on the Albany VA Project. Id. at ¶ 28.

SUMMARY OF ARGUMENT

The well-settled Election Doctrine of the Contract Disputes Act mandates that ATC's claim seeking conversion of the termination for default to termination for convenience and recovery of $1,504,733.46 in termination-for-convenience damages be dismissed for lack of subject matter jurisdiction. When ATC previously filed an appeal before the Board directly challenging the contracting officer's decision to terminate the two Albany VA Project contracts with plaintiff for default, ATC made a binding election to proceed in that forum, to the exclusion of this Court's jurisdiction. A comparison of ATC's earlier complaint to the Board with its present complaint before this Court makes it patently obvious that ATC's present complaint presents the same claim here as it has already earlier presented to the Board – that the termination for default was wrongful and that ATC is, therefore, entitled to termination-for-convenience damages. ATC's voluntary dismissal of its action before the Board did not revoke its election to proceed exclusively in that forum with respect to ATC's claim to convert the termination for

default to termination for convenience and, therefore, recover damages. Through ATC's election, subject matter jurisdiction to resolve that claim was (and always will be) exclusively with the Board.

## ARGUMENT

### I. Standards For Challenging Subject Matter Jurisdiction

Under a RCFC 12(b)(1) motion challenging subject matter jurisdiction, this Court assumes that all undisputed facts alleged in the complaint are true and draws all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). When considering a motion to dismiss under RCFC 12(b)(1), this Court may examine relevant evidence beyond the pleadings in order to resolve any factual disputes. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999). "In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993), cert. denied sub nom., Cedars-Sinai Med. Ctr. v. O'Leary, 512 U.S. 1235 (1994). Thus, this Court may properly consider the record and pleadings before the Board, as well as the declaration of the contracting officer.

### II. The Election Doctrine Limits The Jurisdiction Of This Court

The United States is immune from suit unless Congress specifically waives the Government's immunity. See United States v. Testan, 424 U.S. 392, 399 (1976). The Tucker Act grants this Court jurisdiction to "render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress." 28 U.S.C. § 1491. As ATC has admitted in

paragraph 1 of its complaint, its present action has been brought under the Contract Disputes Act of 1978, 41 U.S.C. § 609 (the "CDA").

The CDA provides alternative forums for challenging a contracting officer's final decision on a claim: a contractor may file an appeal and pursue a complaint with the appropriate board of contract appeals, 41 U.S.C. § 606, or appeal directly to the Court of Federal Claims, 41 U.S.C. § 609(a)(1). Under the Election Doctrine, the courts have consistently interpreted the CDA as requiring a plaintiff to choose between appealing a final decision of the contracting officer in this Court or appealing before the board of contract appeals. Bonneville Associates v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994). It is an "either-or choice" for plaintiff in choosing a forum. Id. "[O]nce a contractor makes a binding election to appeal the CO's final decision to a board of contract appeals or to the Court of Federal Claims, the contractor can no longer pursue its claim in the other forum." Id. (citing National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988)).

## III. ATC Has Made An Informed, Knowing And Voluntary Election To Proceed Before The Interior Board Of Contract Appeals

ATC's complaint and pleadings filed with the Board conclusively establish that ATC elected the Board as the forum in which it would challenge the contracting officer's decision to terminate for default ATC's contracts on the Albany VA Project, seeking to convert it to a termination for convenience and recover resulting termination-for-convenience damages. It is an inescapable conclusion that ATC is attempting to present here the same claim that ATC elected to pursue and actually pursued before the Board for almost a year.

Once it is established that an election to appeal a contracting officer's adverse decisions to the Board has been established, the only remaining issue is whether the election was "informed, knowing and voluntary." Bonneville Associates v. United States, 30 Fed. Cl. 85, 89-90 (1993); Mark Smith Constr. Co., Inc. v. United States, 10 Cl. Ct. 540, 544 (1986). While this criteria is usually dispositive, the courts have also looked to whether the plaintiff filed an actual complaint before the Board. Mark Smith Constr. Co., 10 Cl. Ct. at 544-45. While earlier decisions once considered whether the dismissal of an earlier appeal before the Board was without prejudice or with consent of the Government, see, e.g., id., subsequent Federal Circuit precedent has eliminated this as a factor. See Bonneville Associates, 43 F.3d at 651, 655 (Election Doctrine precluded Court of Federal Claims jurisdiction even though plaintiff had earlier voluntarily dismissed without prejudice appeal before Board).

Here, ATC made an informed, knowing and voluntary decision to proceed before the Board with this claim. As in Bonneville Associates, 30 Fed. Cl. at 89-90, ATC was advised that the contracting officer's decision was a final decision and that ATC had a right to appeal the decision to the Board within 90 days or to the Court of Federal Claims within 12 months. See App. 026-029 (Declaration of Daniel McCarthy, Contracting Officer, and attachments thereto). When ATC filed its notice of appeal and complaint before the Board, after the contracting officer properly advised it of its right and choice of proceeding before the Board or this Court, ATC made its informed, knowing and voluntary election of forum. See Bonneville Associates, 30 Fed. Cl. at 89-90, aff'd, Bonneville Associates, 43 F.3d at 655. That irrevocable election deprives this Court of jurisdiction.

IV. ATC's Voluntary Dismissal Without Prejudice Of Its Claims Before The Board Does Not Revoke Its Election Of Forum

Neither ATC's voluntary dismissal without prejudice nor the Board's order of dismissal without prejudice in any way revokes ATC's election of forum. First, that the dismissal was without prejudice or that the Government did not oppose dismissal of the Board proceedings is irrelevant, as established by Bonneville Associates, 43 F.3d at 651, 655. This does not revoke ATC's election.

Moreover, ATC's dismissal of its complaint before the Board without prejudice under the so-called Fulford Doctrine does not revoke its election. ATC's dismissal without prejudice of its complaint before the Board, even if in accordance with the Fulford Doctrine, however, is irrelevant to the issue of ATC's election of forum. See Marshall Associated Contractors, Inc. v. United States, 31 Fed. Cl. 809, 815 (1994) (applying Election Doctrine to dismiss contractor's claim seeking conversion of termination for default to termination for convenience even though contractor earlier dismissed claims before Board under the Fulford Doctrine). By dismissing its complaint before the Board pursuant to the Fulford Doctrine, ATC merely preserved its right to later present "the defense of excusability to be raised when the contracting officer assesses extra costs" if or when such later costs were assessed. Deep Joint Venture v. General Servs. Admin., 02-2 GSBCA ¶ 31,914, 2002 WL 1225560 (May 31, 2002). However, the Fulford Doctrine does not allow a defaulted contractor that has elected to pursue its wrongful termination claim before the Board to later present its claim seeking to convert the termination to one for convenience or seek to recover convenience termination costs. Id. [3]

---

[3] Because of its irrevocable election, the Board is the only forum before which

(continued...)

CONCLUSION

Defendant respectfully requests that the Court grant this motion for partial dismissal, to dismiss plaintiff American Telecom Corporation's claim in Count I to recover damages of $1,504,733.46 for the alleged wrongful termination for default of two contracts with plaintiff for lack of subject matter jurisdiction, and to grant all further and other relief to which defendant is justly entitled.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079
Fax: (202) 307-0972

Date: September 15, 2003

OF COUNSEL:
HUGO TEUFEL, ESQ.
Associate Solicitor
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON, ESQ.
Attorney Advisor
Office of the Solicitor
Department of the Interior

---

[3](...continued)
American Telecom may present any claim seeking to convert the termination to one for convenience. However, under Bonneville Associates, Ltd. P'ship, 165 F.3d 1360, 1363-65 (Fed. Cir. 1999), such claims are now time barred.

CERTIFICATE OF FILING

I hereby certify that on this 15th day of September, 2003, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS and accompanying APPENDIX was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister