OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF CONTRACT APPEALS
4015 Wilson Boulevard
Arlington, Virginia 22203

| | | |
|---|---|---|
| Appeal of American Telecom Corporation | ) | |
| Contract No. 1435-01-99-RC30978/82115 | ) | IBCA Nos. 4164-1999<br>4165-1999 |
| Contract No. 1435-01-99-RC30982/82140 | ) | |

**GOVERNMENT'S MOTION TO DISMISS**

The Minerals Management Service (MMS), through its undersigned Counsel, hereby requests that the captioned appeals filed by American Telecom Corporation (ATC) be dismissed with prejudice. In support of this motion, the Government states as follows:

1. On February 28, 2000, the Government served Appellant's counsel with its First Set of Interrogatories and Request for Production of Documents, with responses to be provided within 30 days. Over the course of almost seven months, despite repeated oral and written requests by the Government, ATC failed to respond to this discovery request.

2. On July 20, 2000, the Government forwarded its Second Set of Interrogatories and Request for Production of Documents.

3. By order dated August 7, 2000, the Board directed Appellant to respond to the Government's discovery requests no later than October 2, 2000. In the event Appellant did not meet that deadline, the Board would dismiss the appeals with prejudice.

4. On September 28, 2000, Government Counsel received Appellant's response to its discovery.

5. Appellant's response to discovery is so incomplete and inadequate as to hamper and impede the Government's ability to prepare a defense to Appellant's claims. Such inadequate responses to a discovery request have been grounds for dismissal. <u>See Edwin O. Abia-Okon, M.D.</u>, CAB No. D-856, 1992 DCBCA LEXIS 153.

6. The majority of Appellant's responses to the Government's interrogatories are merely an unsupported rehash of arguments raised in its Complaint and in its October 14, 1999 response to the Show Cause Order (Appeal File, Tab C-1).

7. Appellant has made no effort whatsoever to support any aspect of its monetary claims in its responses to interrogatories asking for quantification of monetary claims (See Responses to 5.E., 14, 22.A., 22.B., 22.C., 27. 27.B., 27.D.)

8. Appellant has failed to produce any documentation whatsoever in response to the Government's First Set of Interrogatories and Request for Production of Documents. Several responses indicate that no supporting documentation exists (See, eg., Responses to 7.B., 15, 27). ATC's offer to "make all of its records relating to this project available for the Government's reasonable inspection and review," simply does not meet its obligation to provide the documentation identified or relied upon in responding to the interrogatories.

9. Appellant's failure to respond adequately to discovery, particularly its failure to provide evidentiary support for the very assertions which form the basis of its appeals, are tantamount to a failure to prosecute. Its appeals, therefore, should be dismissed in accordance with Section 4.127(b) of the Board's Rules.

We have enclosed for the Board's review the responses to the Government's discovery provided by the Appellant. Documents produced in response to the Government's Second Set of Interrogatories and Request for Production of Documents have been omitted, but will be made available to the Board upon request. Please note that Appellant's Certificate of Service with regard to its responses to the Government's Second Set, dated June 22, 2000, is in error, since that discovery request was issued on July 20, 2000 and responses were received by Department Counsel on September 28, 2000.

Respectfully submitted,

Sherry Kirland Kaswell

Sherry Kirland Kaswell
Department Counsel
U.S. Department of the Interior
Office of the Solicitor
1849 C Street, NW
Washington, D.C. 20240-6515
Ph. (202) 208-6201
Fax (202) 219-1790

October 10, 2000

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Government's Motion to Dismiss was sent by facsimile and first class mail on this 10th day of October, 2000 to:

Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
1420 Beverly Road, Suite 330
McLean, VA 22101
Fax: 703-761-0180

Sherry Kinland Kaswell
Sherry Kinland Kaswell

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

October 25, 2001

APPEALS OF
AMERICAN TELECOM CORP. IBCA 4164-1999 and 4165-1999

Contract Nos.
1435-01-99-RC30978/82115
1435-01-99-RC30982/82140
Minerals Management Service

APPEARANCE FOR APPELLANT: Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
Washington, D.C.

APPEARANCE FOR GOVERNMENT: Jeanne A. Anderson, Esq.
Office of the Solicitor
Division of General Law
Procurement and Patents
Washington, D.C.

## Order

The Government has filed a motion to dismiss the above captioned appeals on the grounds that interrogatory and production of document requests to appellant, particularly those relating to quantum, were not sufficiently answered. Appellant objects to the motion on the grounds that it is only seeking a determination regarding termination for default, not damages thereon. Insofar as the motion seeks dismissal of the claim of invalid termination for default, the motion is denied.

However, the motion is granted insofar as Appellant is seeking damages, no certified claim having been filed with the Contracting Officer and no discovery having been provided on quantum issues.

With regard to pending discovery requests, Mr. Klingelhofer has agreed to review the documents in his possession, select those documents upon which he intends to rely at trial, and produce those documents to Ms. Anderson on or before November 15, 2001. Assuming there are a reasonable number of documents, Ms. Anderson will make a copy of the documents for the Respondent and return the originals to Mr.

Klingelhofer. It is anticipated at this point that there will be no depositions taken in this case. On or before December 28, 2001, Ms. Anderson will request any additional documents suggested by her review, and Mr. Klingelhofer will produce them by January 15, 2002. The parties will provide a joint status report to the Board regarding settlement possibilities, mediation, and/or a trial schedule, on or before January 28, 2002.

Candida Steel
Candida Steel
Administrative Judge

United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

October 25, 2001

APPEALS OF
AMERICAN TELECOM CORP. IBCA 4164-1999 and 4165-1999

Contract Nos.
1435-01-99-RC30978/82115
1435-01-99-RC30982/82140
Minerals Management Service

APPEARANCE FOR APPELLANT: Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
Washington, D.C.

APPEARANCE FOR GOVERNMENT: Jeanne A. Anderson, Esq.
Office of the Solicitor
Division of General Law
Procurement and Patents
Washington, D.C.

Order

The Government has filed a motion to dismiss the above captioned appeals on the grounds that interrogatory and production of document requests to appellant, particularly those relating to quantum, were not sufficiently answered. Appellant objects to the motion on the grounds that it is only seeking a determination regarding termination for default, not damages thereon. Insofar as the motion seeks dismissal of the claim of invalid termination for default, the motion is denied.

However, the motion is granted insofar as Appellant is seeking damages, no certified claim having been filed with the Contracting Officer and no discovery having been provided on quantum issues.

With regard to pending discovery requests, Mr. Klingelhofer has agreed to review the documents in his possession, select those documents upon which he intends to rely at trial, and produce those documents to Ms. Anderson on or before November 15, 2001. Assuming there are a reasonable number of documents, Ms. Anderson will make a copy of the documents for the Respondent and return the originals to Mr.

Klingelhofer. It is anticipated at this point that there will be no depositions taken in this case. On or before December 28, 2001, Ms. Anderson will request any additional documents suggested by her review, and Mr. Klingelhofer will produce them by January 15, 2002. The parties will provide a joint status report to the Board regarding settlement possibilities, mediation, and/or a trial schedule, on or before January 28, 2002.

Candida Steel
Candida Steel
Administrative Judge

**Before the**
**INTERIOR BOARD OF CONTRACT APPEALS**
**Arlington, Virginia**

| | |
|---|---|
| AMERICAN TELECOM CORPORATION,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR<br>MINERALS MANAGEMENT SERVICE,<br>Respondent.<br><br>Contract No. 1435-01-99-RC30978/82115 and<br>Contract No. 1435-01-99-RC30982/82140 | IBCA Nos. 4164-1999<br>4165-1999 |

APPELLANT'S MOTION TO WITHDRAW APPEAL

Appellant American Telecom Corporation hereby withdraws its appeal in the above-captioned matter. Appellant also moves the Board for entry of an order dismissing the appeal without prejudice as described below.

1. Appellant is financially unable to continue this appeal. It has largely ceased its operations and therefore does not wish to contest the default as it now stands.

2. Appellant recognizes that, if it withdraws its appeal at this point, it will be unable to affirmatively challenge the Contracting Officer's final decision relating to the default. Any such future affirmative challenge clearly would be time-barred pursuant to the Contract Disputes Act.

3. However, the possibility still exists that Respondent may attempt to assess or offset alleged excess reprocurement costs against Appellant in the future. While Respondent

has not assessed such costs to date, Appellant may need to challenge the propriety of the default decision as a defense to a future imposition of such costs by Respondent.

4. Such a defensive challenge is permissible under the *Fulford Doctrine*, unless an earlier challenge to the default was dismissed with prejudice. *See Premier Building Services*, ASBCA No. 51,804, 00-1 BCA ¶ 30,696 (1999); *Bulloch International*, ASBCA No. 44,210, 93-2 BCA ¶ 25,692 (1992).

5. Appellant therefore requests that the Board's dismissal of this appeal be made without prejudice to Appellant's potential right to challenge excess reprocurement costs under the *Fulford Doctrine* if imposed in any manner by Respondent. In all other respects, the dismissal should be with prejudice.

6. A dismissal at this time is in the best interest of both parties; it would eliminate the need for a lengthy trial with numerous witnesses on both sides as well as the large amount of time and effort necessary to prepare for and brief such a proceeding. Moreover, Respondent has not imposed, assessed or offset alleged excess reprocurement costs to date, even though Appellant's contract was terminated more than two years ago and, presumably, the replacement contract was completed a year or more ago. The requested dismissal should not prejudice Respondent in any way.

7. Appellant's request obviously serves the interest of judicial economy and removes this matter from the Board's docket without the need for further proceedings.

8. In light of the withdrawal of its appeal, Appellant requests that it be relieved of the now-unnecessary burden of providing documents to Respondent by November 18, 2001.

WHEREFORE, Appellant requests that it be permitted to withdraw its appeal and that the Board issue an Order dismissing this appeal with prejudice, with the proviso that such dismissal will not preclude Appellant from challenging the default as a defense to the future imposition, assessment or offset of any excess reprocurement costs.

Respectfully submitted,

Victor G. Klingelhofer
COHEN MOHR LLP
1420 Beverly Road, Suite 330
McLean, Virginia 22101
Tel: (703) 761-1100
Counsel for Appellant

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2001, a copy of the foregoing was served by mail and fax on:

Jeanne Anderson, Esq.
Department Counsel
U.S. Department of the Interior
Office of the Solicitor
Division of General Law
Office of Procurement and Patents
1849 C Street, NW, Mail Stop 6530
Washing ton D.C. 20240
Tel. (202) 208-6201
Fax (202) 208-6475

Victor G. Klingelhofer

United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

December 3, 2001

APPEALS OF
AMERICAN TELECOM CORP. IBCA 4164-1999 and 4165-1999

Contract Nos.
1435-01-99-RC30978/82115
1435-01-99-RC30982/82140
Minerals Management Service

APPEARANCE FOR APPELLANT: Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
Washington, D.C.

APPEARANCE FOR GOVERNMENT: Jeanne A. Anderson, Esq.
Office of the Solicitor
Division of General Law
Procurement and Patents
Washington, D.C.

Order

The Appellant has filed a motion to dismiss without prejudice the above captioned appeals. The Government has not opposed the dismissal. The appeals are therefore dismissed without prejudice to Appellant's potential right to challenge excess reprocurement costs should the Government decide to impose them. Appellant need not provide documents to the Government as set forth in the Order of October 25, 2001.

Candida Steel
Administrative Judge

I concur:

Bernard Parrette
Acting Chief Administrative Judge

**DECLARATION**

I, Daniel McCarthy hereby declare and aver as follows:

1. that I am the current contracting officer for the Albany VA project, which was governed by two delivery orders between the Minerals Management Service (MMS) Department of Interior (DOI) and American Telecom Corporation (ATC) – delivery order nos.1435-01-99-RC30978/82115 and 1435-01-00-RC30982/82140. I am also custodian of the files and records related to the Albany VA project.

2. I have reviewed the contract files related to the Albany VA project. Among those files is a contracting officer's final decision addressed to ATC dated October 29, 1999, terminating the above-referenced delivery orders for default. Attachment 1. The letter was signed by contracting officer James T. Connors. The letter fully advised ATC of its right to appeal the default termination to the Board of Contract Appeals or the Court of Federal Claims. ATC subsequently appealed the default termination to the Board of Contract Appeals and the appeal was docketed by the Board on November 9, 1999. Attachment 2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. §1746. Executed on 9/9, 2003.

Daniel McCarthy

# ATTACHMENT 1

United States Department of the Interior

MINERALS MANAGEMENT SERVICE
Washington, D.C. 20240

October 29, 1999

American Telecom Corporation
3714 Alliance Dr, Suite 105
Greensboro, NC 27407
Attn: Mr. Fred Anthony

(VIA CERTIFIED MAIL)

SUBJECT: Notice of Termination for Cause: Contract 1435-01-99-RC30978/82115 and
Contract 1435-01-99-RC30982/82140

Contracts 1435-01-99-RC30978/82115 and 1435-01-99-RC30982/82140 are hereby terminated in entirety for cause of the contractor.

The subject fixed price contracts were awarded to you non-competitively under SBA 8(a) Direct Authority on January 29, 1999. These contracts required you to provide all labor, materials, site preparation and cabling for Phases 1 and 2 of the Albany, N.Y. Veterans Affairs Medical Center Telecommunications Infrastructure Project (TIP). TIP's goals are to improve patient care by enhancing the electronic means by which Veterans Affair employees communicate with each other within a health care facility as well as between medical facilities. The Albany VAMC provides essential medical services to veterans within a 100 mile radius. The facility has 163 beds and treats 350 out patients on an average day. Your contract delivery schedule for this project mandated contract completion by November 2, 1999.

From the start of the project through October 25, 1999, you have failed to make substantial progress in accordance with your submitted GANTT charts. A meeting was convened in Albany, N.Y. on May 13, 1999, in response to government concerns about your lack of progress. At that time, only about 5% of the total cabling was completed and no cable terminations were finished. It was at this meeting your designated representatives met with and assured the government that corrective actions would be initiated to put the project back on schedule in order to meet the completion date of November 2, 1999.

A Cure Notice was issued by the Contracting Officer on July 14, 1999, for your continued failure to make adequate progress and failure to maintain schedule. By July 14, 1999, less than 10% of the total cabling was completed and there were still no cable terminations. You met with government representatives in Falls Church, VA. on July 26, 1999, to respond to the Cure Notice. At this meeting you personally assured the government that corrective actions would be implemented in order to achieve the contract completion date of November 2, 1999. Your July 28, 1999, formal response to the Cure Notice provided a detailed remedy plan outlining the steps and schedules to be enacted to complete the project by November 2, 1999. Your plan was accepted by the government and performance was allowed to continue.

From July 28, 1999, through October 4, 1999, you failed to achieve your stated milestones as outlined in your formal response to the Cure Notice. By October 4, 1999 less than 25% of the total required cabling was installed at eight months into the nine-month project. A Show Cause Notice was issued on October 4, 1999. You have failed to progress in accordance with your established milestones in order to meet the contract completion date. With only 4 days remaining in the nine-month period of performance, you have completed only about 25% of the project cabling and about 10% of the termination and testing for the entire project.

After due consideration of all the facts, the Contracting Officer hereby finds and determines that you have failed to complete the requirements of the subject contract. This failure did not arise out of causes beyond your control or without fault or negligence on your part. Therefore, you are hereby notified that the Government, by this written notice, terminates subject contracts, including your right to proceed thereunder, in entirety for Cause in accordance with the contract Regulation 52.212-4 "Contract Terms and Conditions—Commercial Items (APR 1998)", the paragraph entitled "Termination for Cause", effective upon receipt of this notice.

When the services terminated hereby are reprocured, you will be held liable for any excess costs incurred. In addition thereto, all rights and remedies provided by law or under subject contracts are reserved by the Government. You will be notified within 60 days of receipt of this notice which remedies the Government intends to seek.

This is the final decision of the Contracting Officer. You may appeal this decision to the Department of Interior Board of Contract Appeals. If you decide to make such an appeal, you must, within 90 days from the date you receive this decision, mail, or otherwise furnish written notice to the Department of Interior Board of Contract Appeals, 4015 Wilson Boulevard, Arlington, Virginia 22203, and provide a copy to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring action directly in the United States Court of Federal Claims, (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

The Denver Office of the Small Business Administration has been notified of this termination and the SBA Contracting Officer concurs with this decision.

James T. Connors
Contracting Officer
Minerals Management Service

cc: Ed Voelsing (SBA)
William Welch (GSA/FEDSIM)
Sherry Kaswell (OFS/DOI)
Rick Zigrosser (Veterans Administration)

# ATTACHMENT 2

United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

TAKE PRIDE IN AMERICA

IN REPLY REFER TO:

CERTIFIED MAIL--RETURN RECEIPT REQUESTED

November 9, 1999

Victor G. Klingelhofer, Esq.
John J. O'Brien, Esq.
Cohen Mohr, LLP
1055 Thomas Jefferson Street, NW
Suite 504
Washington, DC 20007

**DOCKETING NOTICE**
**IBCA 4164-1999**
**and**
**IBCA 4165-1999**

Dear Messrs. Klingelhofer and O'Brien:

The appeals of American Telecom Corporation, filed with respect to Minerals Management Service Contract Nos. 1435-01-99-RC30978/82115 and 1435-01-99-RC30982/82140 have been docketed as IBCA 4164-1999 and IBCA 4165-1999 and assigned to Chief Administrative Judge Gene Perry Bond.

Future correspondence regarding these appeals should refer to these docket numbers. The Board should be addressed as follows:

Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203-1954

A copy of the Board's Rules of Procedure is enclosed. Please note that Section 4.107(a) of the Rules requires that Appellant's counsel file a Complaint within 30 days after receipt of this docketing notice. Also, please note that Section 4.117 requires that a copy of any document filed with the Board shall be served upon the other party. It is equally important that all correspondence be dated before filing.

In addition to the Rules, we have enclosed copies of the Board's Notice Regarding Alternative Methods of Dispute Resolution (ADR), which was adopted on February 7, 1990, and of our Code of Professional Courtesy, adopted May 1, 1994. Both are self-explanatory. An increasingly high percentage of parties who choose ADR methods now resolve their disputes without the expense of a formal evidentiary hearing before the Board. The Code was similarly adopted because of a perceived need for it on the part of both judges and members of the bar. We commend it to your attention.

By copy of this docketing notice, the Office of the Solicitor, Minerals Management Service (LMS), Washington, D.C., is requested to designate counsel to represent the Government in these appeals. Likewise, by copy hereof, the Contracting Officer is reminded to promptly, within not more than 30 days, compile the appeal file and transmit copies thereof to the Board, Department counsel and to Appellant's counsel as specified in Section 4.104 of the Board's Rules.

The Contracting Officer is also reminded to note the specific provisions of Section 4.104(c) requiring that documents included in the appeal file be legible, arranged in chronological order when practicable, numbered sequentially, tabbed, indexed to identify the contents of the file, and bound.

Sincerely yours,

Barbara J. King

Barbara J. King
Recorder

Enclosures:

cc: James T. Connors, Contracting Officer
U.S. Department of the Interior
Minerals Management Service
1849 C Street, NW
Washington, D.C. 20240-0001
ms4230-MIB

Office of the Solicitor
U.S. Department of the Interior
Division of General Law
1849 C Street, NW
Washington, D.C. 20240-0001
ms6530-MIB