IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1627C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL**

Defendant provides the following reply brief in support of its September 15, 2003 motion for partial dismissal and in response to plaintiff American Telecom Corporation's ("ATC") October 27, 2003 memorandum in support of its opposition to defendant's motion for partial dismissal.

Defendant's motion for partial dismissal presents one important jurisdictional issue concerning Count I of ATC's complaint: Whether ATC's claim to recover $1,504,733.46 in damages based upon the alleged wrongful termination of two contracts is jurisdictionally barred under the Election Doctrine of the Contracts Disputes Act. ATC's opposition brief and the cases cited therein demonstrate that this claim is jurisdictionally barred and, therefore, that particular portion of Count I must be dismissed.

Count I of ATC's complaint asks this Court to, first, award ATC judgment "in the amount of $1,504,733.46" and, second, to "deny the assessment of" $699,115.00 in "reprocurement costs," and further requests recovery of interest and costs. See Compl. at Count I, ¶ 15 & Wherefore Clause. Defendant's motion for partial dismissal does not challenge that particular

portion of Count I which seeks only to have the contracting officer's assessment of reprocurement costs denied. Rather, defendant's motion asks that the Court dismiss that portion of Count I that affirmatively seeks recovery of $1,504,733.46 in damages. As defendant's motion sets forth, that affirmative portion of Count I, which seeks to recover termination-for-convenience damages of $1,504,733.46 based upon the alleged wrongful termination for default of two contracts with ATC, is barred for lack of subject matter jurisdiction because ATC had previously irrevocably elected to adjudicate that claim for recovery of termination-for-convenience damages before the Interior Board of Contract Appeals (the "Board") and to the exclusion of this Court. Under the Election Doctrine, that portion of Count I affirmatively seeking damages is jurisdictionally barred and must be dismissed.

ATC's opposition brief wholly fails to address this one central issue. In fact, ATC in essence admits or concedes that dismissal of the $1,504,733.46 claim for termination-for-convenience damages is warranted. On the second page of its opposition brief, ATC states that "[t]he Reprocurement Final Decision is the subject matter before this Court." ATC Opp'n. Br. at p. 2. ATC explains that the "Reprocurement Final Decision" was the February 4, 2003 decision by the contracting officer assessing reprocurement costs against ATC of $699,115, and is distinct from the October 29, 1999 contracting officer decisions terminating for default two contracts with ATC. Id. On the fourth page of its opposition brief, ATC expressly states that, in Count I, ATC "is only challenging the Reprocurement Final Decision." Id. at p. 4. On pages 6 and 10,

ATC states only that the Court possesses jurisdiction to entertain ATC's challenge to the "Reprocurement Final Decision." Id. at 6 & 10.[1]

Defendant's motion does not challenge this Court's jurisdiction to entertain ATC's challenge to the February 4, 2003 Reprocurement Final Decision. That is not the issue before the Court. Rather, the issue is ATC's claim, as pled in its complaint, that it may have the termination for default converted to a termination for convenience and, therefore, recover $1,504,733.46 in damages, which ATC bases upon the alleged wrongful termination for default of the two contracts with ATC. See Compl. at ¶ 16 & Wherefore Clause. Nowhere in ATC's opposition does it even attempt to defend, let alone acknowledge or mention, these allegations contained in Count I of its complaint. However, by expressly stating that it is only challenging the "Reprocurement Final Decision," ATC is conceding that its claims for $1,504,733.46 in termination-for-convenience damages are jurisdictionally barred under the Election Doctrine. ATC appears to be abandoning this part of Count I.

As fully explained in defendant's motion, the Election Doctrine deprives this Court of jurisdiction to entertain ATC's claim to recover damages of $1,504,733.46 for the alleged wrongful termination for default of two contracts with plaintiff. As ATC admits, ATC previously filed an appeal before the Board, undisputedly making an informed election, raising the same termination-for-convenience damages claims in that forum it has included in Count I.

---

[1] The claim seeking denial of the assessment of reprocurement costs is purely defensive in nature. Under this claim, ATC can prevail only if it shows that the underlying decision to terminate the two contracts for default was improper. Should ATC prevail in showing this, however, the only relief to which it would be entitled is a denial of the assessed reprocurement costs. See Deep Joint Venture v. General Servs. Admin., 02-2 GSBCA ¶ 31,914, 2002 WL 1225560 (May 31, 2002); see also Marshall Associated Contractors, Inc. v. United States, 31 Fed. Cl. 809, 815 (1994).

See ATC Opp'n Br. at p. 2; App. at 001-007 and 022-025. By pursuing these claims before the Board, ATC made a binding election to proceed in that forum, to the exclusion of this Court. The Election Doctrine, therefore, mandates that the claims for damages based upon the alleged wrongful termination be dismissed for lack of subject matter jurisdiction.

ATC's opposition discusses a number of cases that set forth the Election Doctrine. However, these cases actually support the application of the Election Doctrine to bar ATC's claim to recover termination-for-convenience damages of $1,504,733.46. Because ATC's opposition apparently misses the central jurisdictional issue raised in defendant's motion, the attempted distinctions that ATC raises are distinctions without difference.

Thus, the Court should grant defendant's motion for partial dismissal and dismiss plaintiff American Telecom Corporation's claim in Count I to recover damages of $1,504,733.46 for the alleged wrongful termination for default of two contracts with plaintiff, for lack of subject matter jurisdiction.

November 12, 2003

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079
Fax: (202) 307-0972

OF COUNSEL:
HUGO TEUFEL, ESQ.
Associate Solicitor
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON, ESQ.
Attorney Advisor
Office of the Solicitor
Department of the Interior

CERTIFICATE OF FILING

I hereby certify that on this 12th day of November, 2003, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister