# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN TELECOM CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 03-1627 C<br>Judge Emily C. Hewitt |

## PLAINTIFF'S SURREPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

COMES NOW Plaintiff, American Telecom Corporation, by and through undersigned counsel, and respectfully submits its surreply in support of its opposition to Defendant's motion for partial dismissal and in response to Defendant's reply brief in support of its motion for partial dismissal.

In its reply, Defendant contends that Count I of Plaintiff's complaint seeks: (1) an award of $1,504,733.46 for its costs and (2) a denial of the assessment of reprocurement costs. Both requests for relief are premised on Plaintiff's contention that the Defendant wrongfully terminated Contract No. 1435-01-99-RC-30978 ("Contract"). This court has jurisdiction to make a determination as to the propriety of the termination decision based on the *Fulford* Doctrine. Indeed, Defendant admits that the Court may make a determination as to the propriety of underlying termination and if the termination is determined to be wrongful, Plaintiff may prevail on the denial of reprocurement costs. *See* Government's Reply Brief, footnote 1. However, Defendant denies that Plaintiff is also entitled to recover all costs incurred during

performance of the Contract based on the conversion of the wrongful default termination to a termination for the convenience of the Government.

Defendant's argument is inequitable and would contravene, in part, the underlying policy of the *Fulford* Doctrine. Defendant contends that although Plaintiff may prove the default termination is wrongful, it may only recover a portion of the relief it is seeking solely based on the Election Doctrine. Defendant contends that Plaintiff may not recover its costs, because it "elected" to appeal and dismiss without prejudice its appeal of the Termination Final Decisions. However, the *Fulford* Doctrine permits Plaintiff to seek such relief by challenging the propriety of the termination decision in response to a final decision on reprocurement costs – even if untimely under the original final decision on the termination for default. It does not make logical sense that an untimely appeal of a default termination is allowable under the *Fulford* Doctrine, but the Election Doctrine would defeat a timely appeal that was previously dismissed without prejudice. That is Defendant's precise argument. Defendant's argument ignores the overriding objective of a termination for convenience is "to make the contractor financially whole for all of the direct consequences of the Government's exercise of its extraordinary reserved power to terminate performance, excepting the loss of anticipated profits on work not performed." *American Machine & Foundry Co.*, ASBCA No. 8862, 65-1 BCA ¶ 4654. Plaintiff incurred $1,504,733.46 in costs during performance of the Contract, which costs it may recover if the termination for default is converted to a termination for convenience. If Plaintiff is successful in proving the termination of the Contract was wrongful, Plaintiff should be able to recover the whole relief it is seeking – an award of costs and denial of any reprocurement costs.

Wherefore, for the reasons stated herein and in Plaintiff's opposition to Defendant's motion for partial dismissal, Plaintiff respectfully requests that the Court deny Defendant's motion for partial dismissal.

November 20, 2003

Respectfully submitted,

Robert J. Symon
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 - Fax

Counsel of Record for
AMERICAN TELECOM CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2003, a copy of the foregoing Plaintiff's Surreply Brief In Support Of Its Opposition To Defendants' Motion For Partial Dismissal was forwarded via electronic filing and first class mail, postage prepaid to the following:

James M. Meister
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530
Fax: (202) 307-0972

Robert J. Symon