IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-1627C<br>( Judge Hewitt ) |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM FOR DAMAGES

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

JURISDICTIONAL STATEMENT

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegation contained in paragraph 2 that plaintiff is American Telecom Corporation; denies all other allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

COUNT I

4. Admits the allegations contained in paragraph 4 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

5. Admits the allegation contained in paragraph 5 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

6. Admits the allegation contained in paragraph 6 that American Telecom commenced performance shortly after the Albany contract was awarded; denies all other allegations contained in paragraph 6.

7. Denies.

8. Denies.

9. Admits the allegations contained in paragraph 9 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

10. Admits the allegations contained in paragraph 10 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

11. Admits the allegation contained in paragraph 11 that, on or about October 29, 1999, the Government terminated American Telecom on the Albany contract for default; denies all other allegations contained in paragraph 11, including the allegation that the termination of American Telecom on the Albany contract was wrongful.

12. Admits the allegations contained in paragraph 12 only to the extent supported by the contract document cited, which is the best evidence of its contents; otherwise denies those allegations.

13. Admits the allegations contained in paragraph 13 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

14. Denies the allegations contained in paragraph 14. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 14 of the amended complaint.

COUNT II

15-19. Defendant has on this date filed a motion for partial dismissal with respect to Count II and, therefore, is not required at this time to plead any answer or affirmative defenses as to the allegations in this Count. For the reasons stated in our motion, defendant denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 19 of the amended complaint.

COUNT III

20. Defendant's responses to paragraphs 1 through 19 of the amended complaint are incorporated by reference.

21. The allegations contained in the first sentence of paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 21 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 22 of the amended complaint.

COUNT IV

23. Defendant's responses to paragraphs 1 through 22 of the amended complaint are incorporated by reference.

24. Admits the allegations contained in paragraph 24 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

25. Admits the allegations contained in paragraph 25 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

26. Admits the allegation contained in paragraph 26 that the Government accepted American Telecom's work in completion of the Bath project; denies the allegation that the Government accepted American Telecom's work on July 3, 2000.

27. Admits the allegation contained in paragraph 27 that the Government did not pay parts of some American Telecom invoices based upon the Government's offset to reprocure the services required to complete the Albany project; otherwise denies all remaining allegations in paragraph 27.

28. Admits the allegations contained in paragraph 28 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

29. Admits the allegations contained in paragraph 29 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

30. The allegations contained in paragraph 30 that Invoice No. 11 was "properly submitted" and that "the Government has wrongfully refused to make payment in the amount of $113,804.77, plus interest and Prompt Payment Act interest" are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in paragraph 30 that Invoice No. 11 was submitted to the Government for payment and that the Government did not make payment on Invoice No. 11; otherwise denies the remaining allegations in paragraph 30.

31. Denies.

32. Denies the allegations contained in paragraph 32. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 32 of the amended complaint.

COUNT V

33. Defendant's responses to paragraphs 1 through 32 of the amended complaint are incorporated by reference.

34. The allegations in paragraph 34 that plaintiff "encountered changed conditions for which it incurred additional costs" and that the work plaintiff performed identified in sub-paragraphs a. through f. of paragraph 34 "was not in plaintiff's original scope or bid price for the Bath Contract" are conclusions of law to which no response is required; to the extent that they

may be deemed allegations of fact, they are denied. The allegation in paragraph 34 that plaintiff "submitted change proposal numbers 7, 8, 9, 11, 12, and 13" is admitted.

35. Admits the allegations contained in paragraph 35 only to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies those allegations.

36. Admits.

37. The allegations contained in paragraph 37 that "change order numbers 7, 8, 9, 11, 12, and 13 were properly submitted" to the Government and that "the Government has wrongfully refused to make payment in the amount of $205,503.87, plus interest and Prompt Payment Act interest" are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies.

39. Denies the allegations contained in paragraph 39. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 39 of the amended complaint.

40. Denies each and every allegation not previously admitted or otherwise qualified.

41. Denies that plaintiff is entitled to the relief requested in its prayers for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims in Counts IV are barred, at least in part, because the Government properly terminated plaintiff for default on the Albany contract and offset $87,815.26 of allegedly owed payments.

2. On information and belief, plaintiff's claims in Counts IV and V are barred, at least in part, by accord and satisfaction.

## COUNTERCLAIM

1. On January 13, 1999, the DOI non-competitively awarded Contract No. 1435-01-99-30978, the Albany contract to plaintiff, American Telecom Corp. ("American Telecom"). Under this contract, the DOI awarded two delivery orders, Nos. RC30978/82115, awarded January 29, 1999, and 1435-01-99-RC30982/82140, awarded January 13, 1999, to American Telecom for work in renovating certain telephone and data systems at the Albany project.

2. On July 14, 1999, DOI issued a Cure Notice to American Telecom.

3. On October 4, 1999, DOI issued a Show Cause Notice to American Telecom, notifying American Telecom that DOI was considering terminating the Albany contract under the contract's termination for cause provisions.

4. On October 29, 1999, DOI terminated American Telecom for cause on both delivery orders to the Albany contract.

5. On or about March 17, 2000, DOI awarded a reprocurement contract to Communications Products, Inc. to complete the work on the Albany project that American Telecom had failed to complete.

6. The Albany project was completed by Communications Products, Inc.

7. DOI has offset the amount of $87,815.26 that would otherwise be due to American Telecom under Contract No. 1435-01-99-RC-30982, a contract for work in renovating certain telephone and data systems for at the Bath, New York VA Medical Center (the "Bath project").

8. On October 8, 2003, DOI assessed reprocurement costs against American Telecom in the amount of $699,115.

9. The assessed reprocurement costs of $699,115 assessed against American Telecom represent the excess cost of completing the work on the terminated portion of the delivery orders to the Albany contract after credit for the offset of $87,815.26 with respect to the Bath project.

WHEREFORE, the United States requests that the Court enter judgment in favor of the United States in the amount of $699,115, deny all relief sought by plaintiff in its amended complaint, order that plaintiff's amended complaint be dismissed, and grant the United States such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079
Fax: (202) 307-0972

Date: April 16, 2004

OF COUNSEL:
ALTON E. WOODS, ESQ.
Assistant Solicitor
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON, ESQ.
Attorney Advisor
Office of the Solicitor
Department of the Interior

CERTIFICATE OF FILING

I hereby certify that on this 16th day of March, 2004, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM FOR DAMAGES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister