IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1627C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**[1]

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully moves for partial dismissal of plaintiff American Telecom Corporation's (hereinafter "ATC") amended complaint. The Election Doctrine of the Contract Disputes Act deprives this Court of jurisdiction to entertain ATC's claim in Count II to recover damages of $538,132.11 plus other unspecified amounts for the alleged wrongful termination for default of a contract between ATC and the Government. Count II of ATC's amended complaint must be dismissed for the very same reasons set forth in defendant's first motion for partial dismissal. See Def's Mot. for Partial Dismissal, Docket # 10. On February 18, 2004, this Court granted that motion, holding that under the Election Doctrine, ATC was precluded from seeking any damages in this Court with respect to ATC's assertions that the Government wrongfully terminated Contract No, 1435-01-99-RC-30978, the "Albany" contract. See American Telecom Corp. v. United States, 59 Fed. Cl. 467 (2004). This Court held that,

[1] Defendant is filing an answer and affirmative defenses with respect to Counts I, III, IV and V alleged in ATC's amended complaint, along with a counterclaim for recovery of excess reprocurement costs. If defendant's present motion, which seeks dismissal only as to Count II of ATC's amended complaint, is denied, we respectfully request 20 days from the date this Court rules upon this motion in which to file our answer to Count II.

because ATC had previously sought "'such compensation as it is due under the termination for convenience clause of its contract'" in an action before the Interior Board of Contract Appeals (the "Board"), ATC had made a binding election to proceed in that forum to the exclusion of this Court. Id. at 470-71.

ATC has now filed an amended complaint. Count II of the amended complaint seeks to recover $538,132.11 plus other unspecified amounts of damages based upon the Government's termination of the Albany contract. Although ATC has worded its amended claim in Count II differently than the previously dismissed claim, Count II seeks the same termination-for-convenience damages that this Court ordered dismissed and found barred in its February 18, 2004 Opinion and Order. Thus, Count II must be dismissed for lack of subject matter jurisdiction. In support of this dispositive motion, we rely upon ATC's complaint and amended complaint; defendant's September 15, 2003 motion for partial dismissal ("defendant's first motion"), supporting appendix of exhibits, and November 12, 2003 reply brief in support of defendant's first motion; this Court's February 18, 2004 Opinion and Order (the "opinion"), the following brief, and a supporting appendix of exhibits.

QUESTION PRESENTED

Whether this Court should dismiss for lack of subject matter jurisdiction ATC's claim in Count II to recover damages of $538,132.11 plus other unspecified amounts for the alleged wrongful termination for default of a contract between ATC and the Government, because ATC has irrevocably elected to adjudicate those claims before the forum of the Board and to the exclusion of this Court, thus, depriving this Court of jurisdiction under the Election Doctrine of the Contract Disputes Act.

## STATEMENT OF THE FACTS

### I. Prior Proceedings Before The Interior Board Of Contract Appeals

On January 29, 1999, the Department of the Interior, Minerals Management Service (hereinafter, the "DOI"), non-competitively awarded delivery order, Contract No. 1435-01-99-RC30978/82115 (the "Albany" contract) to ATC for work in renovating certain telephone and data systems at the Department of Veteran's Affairs's Samuel S. Stratton Medical Center in Albany, New York (hereinafter the "Albany VA Project"). See Am. Compl., ¶ 4; App. 1-2.[2] Subsequently, on October 29, 1999, DOI terminated ATC for default on the Albany contract. Am. Compl., ¶ 11.

On December 10, 1999, ATC filed an appeal before the Interior Board of Contract Appeals. ATC's one-count complaint asserted that DOI improperly terminated the Albany contract with DOI for default. App. 1-7 (Compl. of ATC before Board). ATC sought, among other things, "such compensation as it is due under the termination for convenience clause." App. 6. The Albany contract contained a standard Federal Acquisitions Regulations termination for convenience clause:

> Termination for the Government's convenience. The Government reserves the right to terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its

---

[2] "App." refers to the appendix of exhibits filed in conjunction this present motion and incorporated herein by reference.

> standard record keeping system, have resulted from the termination. The Contractor shall not be required to comply with the cost accounting standards or contract cost principles for this purpose. This paragraph does not give the Government any right to audit the Contractor's records. The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

App. at 36 (Albany Contract, Section III).

On January 10, 2000, DOI filed its answer to ATC's complaint. App. 8. DOI subsequently moved to dismiss ATC's complaint because of ATC's failure to answer requested discovery. App. 15-16. On October 25, 2001, the Board granted in part and denied in part DOI's motion to dismiss, permitting ATC's claim challenging the termination for default and seeking conversion to a termination for convenience to continue. App. 18.

On November 9, 2001, ATC moved to withdraw its claims before the Board, stating that it had largely ceased its operations and was financially unable to continue to pursue its claims before the Board. ATC sought a dismissal without prejudice, such that it would not be precluded "from later challenging the default as a defense to the future imposition, assessment, or offset of any excess reprocurement costs" under the Fulford Doctrine. App. 22. On December 3, 2001, the Board granted ATC's motion, dismissing ATC's appeal, including ATC's claim for termination for convenience costs, "without prejudice to [ATC]'s potential right to challenge excess reprocurement costs should the government decide to impose them." App. 25.

II. Plaintiff's Present Action

On July 1, 2003, ATC initiated the present action pursuant to section 609(a) of the Contract Disputes Act (the "CDA"). Compl. at ¶ 1. In Count I of its initial complaint, ATC asserted that DOI wrongfully terminated the Albany contract on or about October 29, 1999. Id.

at ¶¶ 4, 11. ATC's initial complaint sought to have this Court convert the termination for default to a termination for convenience and, if converted, sought recovery of $1,504,733.46 in damages for the wrongful termination for default. Id. at ¶ 16 & Count I, Wherefore Clause.

On September 15, 2003, the United States moved to dismiss that part of ATC's initial complaint seeking to recover termination-for-convenience damages, explaining that the Election Doctrine barred ATC from recovering any damages on the Albany contract. We explained that, under the Fulford doctrine, ATC could only challenge the excess reprocurement costs that had been assessed against it after the termination for default. On February 18, 2004, this Court granted our motion, holding the Election Doctrine precluded ATC from seeking any damages in this Court with respect to ATC's assertions that the Government wrongfully terminated the Albany contract. See American Telecom, 59 Fed. Cl. at 470-73.

On March 24, ATC filed its amended complaint. Count I asserts that defendant's assessment of $699,115 in excess reprocurement costs cannot be sustained because defendant wrongfully terminated the Albany contract. See Am. Compl., Count I.

In Count II, ATC alleges that it provided labor and material to the Government pursuant to the Albany contract. Id.,¶ 16. ATC alleges that, at the time of the termination for default, ATC was owed "$538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by" the Government. Id., ¶ 17-18. According to ATC's claim, because the Government's termination of the Albany contract for default was wrongful, ATC is entitled to recover "$538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by" the Government. Id., Count II, Wherefore Clause.

Count III of ATC's amended complaint challenges the reasonableness of the Government's assessment of $699,115 in excess reprocurement costs. Id., Count III.

## SUMMARY OF ARGUMENT

The Election Doctrine, as applied by this Court in its earlier opinion, mandates that ATC's claim in Count II of its amended complaint, seeking "$538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by" the Government, be dismissed for lack of subject matter jurisdiction. ATC's latest claim for damages related to the termination for default of the Albany contract is nothing more than another attempt to recover termination-for-convenience damages on the Albany contract of the damages – a damages claim that this Court has already determined are barred. While ATC has made cosmetic changes to its claim, the $538,132.11 and other unquantified damages it seeks in Count II all fall within the type of damages recoverable under the Albany contract's termination-for-convenience clause. As this Court has already determined, such damages are clearly barred under the Election Doctrine. ATC's amended complaint plainly ignores the holding in this Court's February 19, 2004 opinion. For the same reasons set forth in that opinion, Count II must be dismissed for lack of subject matter jurisdiction.

## ARGUMENT

### I. Standards For Challenging Subject Matter Jurisdiction

Under a RCFC 12(b)(1) motion challenging subject matter jurisdiction, this Court assumes that all undisputed facts alleged in the complaint are true and draws all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). Under RCFC 12(b)(1), this Court may

examine relevant evidence beyond the pleadings to resolve factual disputes. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999). "In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993), cert. denied sub nom., Cedars-Sinai Med. Ctr. v. O'Leary, 512 U.S. 1235 (1994). This Court may properly consider the record before the Board, as well as a declaration of the contracting officer.

## II. The Election Doctrine Limits The Jurisdiction Of This Court

The United States is immune from suit unless Congress specifically waives the Government's immunity. See United States v. Testan, 424 U.S. 392, 399 (1976). The Tucker Act grants this Court jurisdiction to "render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress." 28 U.S.C. § 1491. ATC's action is brought under the CDA. See Am. Compl., ¶ 1.

As we explained in our first motion to dismiss, the CDA provides alternative forums for challenging a contracting officer's final decision: a contractor may file an appeal and pursue a complaint with the appropriate board of contract appeals, 41 U.S.C. § 606, or appeal directly to the Court of Federal Claims, 41 U.S.C. § 609(a)(1). Under the Election Doctrine, the courts have consistently interpreted the CDA as requiring a plaintiff to choose between appealing a contracting officer's final decision to this Court or before the board of contract appeals. Bonneville Associates v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994). It is an "either-or choice" for plaintiff in choosing a forum. Id. "[O]nce a contractor makes a binding election to appeal the CO's final decision to a board of contract appeals or to the Court of Federal Claims,

the contractor can no longer pursue its claim in the other forum." Id. (citing National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988)).

As we demonstrated in our first motion to dismiss, ATC made an informed, knowing, and voluntary election to pursue its claims for damages regarding the Albany contract before the Board. See Def's. First Mot. to Dismiss at 6-7; Bonneville Associates v. United States, 30 Fed. Cl. 85, 89-90 (1993). In its appeal before the Board, ATC sought to convert the termination for default to a termination for convenience and recover resulting termination-for-convenience damages. As this Court noted in its opinion, ATC has not challenged that an election to proceed before the Board was in fact made. See American Telecom, 59 Fed. Ct. at 471. Further, as demonstrated in our first motion and as determined by this Court in its opinion, ATC's voluntary dismissal without prejudice of its action before the Board did not revoke ATC's election.

Moreover, as this Court clearly explained in its opinion, the Fulford Doctrine does not mitigate or limit the application of the Election Doctrine. Under the Fulford Doctrine, the only claim that survived ATC's election that can be presented to this Court is a purely defensive claim against the Government's assessment of excess reprocurement costs by challenging the propriety of the contracting officer's termination for default. See American Telecom, 59 Fed. Cl. at 472-73; J.C. Equipment Corp. v. England, 360 F.3d 1311, 1318-19 (Fed. Cir. 2004); Marshall Associated Contractors, Inc. v. United States, 31 Fed. Cl. 809, 815 (1994) (applying Election Doctrine to dismiss contractor's claim seeking conversion of termination for default to termination for convenience even though contractor earlier dismissed claims before Board under the Fulford Doctrine). The Fulford Doctrine does not provide a basis to now recover termination damages.

III. Count II Of Plaintiff's Amended Complaint Is Clearly Barred By The Election Doctrine

Almost inexplicably, ATC's amended complaint contains the claim in Count II seeking to affirmatively recover damages based upon the allegation that the Government wrongfully terminated the Albany Contract for default. In Count II, ATC asserts that, because the termination was wrongful, it is entitled to recover "$538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by" the Government. Am. Compl., ¶¶ 17-18. These allegations are directly contrary to the Court's opinion, in which it expressly held that such an affirmative claim for damages is barred under the Election Doctrine.

A simple comparison of the damages ATC sought in its earlier action before the Board with the damages ATC is now attempting to reinsert into this litigation through Count II demonstrates that ATC's damages claims in Count II are barred under the Election Doctrine. In ATC's action before the Board, it sought recovery of "such compensation as it is due under the termination for convenience clause" of the Albany contract. App. 006. The Albany contract contained the standard FAR termination-for-convenience clause found at 48 C.F.R. § 52.212-4, which provides that, upon a termination for convenience, a contractor was entitled to "be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination." App. at 36. Thus, the plain and unambiguous language of this termination-for-convenience clause gave ATC the right to compensation for "work performed prior to the notice of termination," which logically includes and encompasses any labor and material that ATC provided to the Albany contract. Count II of ATC's amended complaint plainly admits that the

$538,132.11 for labor and materials ATC provided was provided pursuant to the Albany contract. Am. Compl., ¶¶ 16-18.[3] Such labor and materials clearly fall within the scope of the termination-for-convenience clause. They are termination-for-convenience damages. Thus, by seeking from the Board "such compensation as it is due under the termination for convenience clause" of the Albany contract, ATC has already made its election to pursue these damages before the Board and to the exclusion of this Court's jurisdiction. Thus, for the same reasons determined by this Court in its earlier opinion, Count II of ATC's amended complaint must be dismissed under the Election Doctrine.

CONCLUSION

Defendant respectfully requests that the Court grant this motion for partial dismissal, to dismiss plaintiff American Telecom Corporation's claim in Count II and to grant all further and other relief to which defendant is justly entitled.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

---

[3] The $538,132.11 sought by ATC in Count II appears to correspond to the fourth and fifth invoices submitted for payment under the Albany contract. The Government has already paid $297,896.40 on ATC's fourth invoice, while disallowing $41,187.38 of that invoice. Any amounts claimed owed on the fifth invoice have been withheld to offset excess reprocurement costs.

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079
Fax: (202) 307-0972

Date: April 16, 2004

OF COUNSEL:
ALTON E. WOODS, ESQ.
Assistant Solicitor
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON, ESQ.
Attorney Advisor
Office of the Solicitor
Department of the Interior

CERTIFICATE OF FILING

I hereby certify that on this 16th day of September, 2004, a copy of the foregoing DEFENDANT'S MOTION FOR PARTIAL DISMISSAL and accompanying APPENDIX was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister