OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF CONTRACT APPEALS
4015 Wilson Boulevard
Arlington, Virginia 22203

| | | |
|---|---|---|
| Appeal of American Telecom Corporation | ) | |
| Contract No. 1435-01-99-RC30978/82115 | ) | IBCA Nos. 4164-1999 4165-1999 |
| Contract No. 1435-01-99-RC30982/82140 | ) | |

## GOVERNMENT'S MOTION TO DISMISS

The Minerals Management Service (MMS), through its undersigned Counsel, hereby requests that the captioned appeals filed by American Telecom Corporation (ATC) be dismissed with prejudice. In support of this motion, the Government states as follows:

1. On February 28, 2000, the Government served Appellant's counsel with its First Set of Interrogatories and Request for Production of Documents, with responses to be provided within 30 days. Over the course of almost seven months, despite repeated oral and written requests by the Government, ATC failed to respond to this discovery request.

2. On July 20, 2000, the Government forwarded its Second Set of Interrogatories and Request for Production of Documents.

3. By order dated August 7, 2000, the Board directed Appellant to respond to the Government's discovery requests no later than October 2, 2000. In the event Appellant did not meet that deadline, the Board would dismiss the appeals with prejudice.

4. On September 28, 2000, Government Counsel received Appellant's response to its discovery.

5. Appellant's response to discovery is so incomplete and inadequate as to hamper and impede the Government's ability to prepare a defense to Appellant's claims. Such inadequate responses to a discovery request have been grounds for dismissal. See Edwin O. Abia-Okon, M.D., CAB No. D-856, 1992 DCBCA LEXIS 153.

6. The majority of Appellant's responses to the Government's interrogatories are merely an unsupported rehash of arguments raised in its Complaint and in its October 14, 1999 response to the Show Cause Order (Appeal File, Tab C-1).

7. Appellant has made no effort whatsoever to support any aspect of its monetary claims in its responses to interrogatories asking for quantification of monetary claims (See Responses to 5.E., 14, 22.A., 22.B., 22.C., 27. 27.B., 27.D.)

8. Appellant has failed to produce any documentation whatsoever in response to the Government's First Set of Interrogatories and Request for Production of Documents. Several responses indicate that no supporting documentation exists (See, eg., Responses to 7.B., 15, 27). ATC's offer to "make all of its records relating to this project available for the Government's reasonable inspection and review," simply does not meet its obligation to provide the documentation identified or relied upon in responding to the interrogatories.

9. Appellant's failure to respond adequately to discovery, particularly its failure to provide evidentiary support for the very assertions which form the basis of its appeals, are tantamount to a failure to prosecute. Its appeals, therefore, should be dismissed in accordance with Section 4.127(b) of the Board's Rules.

We have enclosed for the Board's review the responses to the Government's discovery provided by the Appellant. Documents produced in response to the Government's Second Set of Interrogatories and Request for Production of Documents have been omitted, but will be made available to the Board upon request. Please note that Appellant's Certificate of Service with regard to its responses to the Government's Second Set, dated June 22, 2000, is in error, since that discovery request was issued on July 20, 2000 and responses were received by Department Counsel on September 28, 2000.

Respectfully submitted,

Sherry Kinland Kaswell

Sherry Kinland Kaswell
Department Counsel
U.S. Department of the Interior
Office of the Solicitor
1849 C Street, NW
Washington, D.C. 20240-6515
Ph. (202) 208-6201
Fax (202) 219-1790

October 10, 2000

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Government's Motion to Dismiss was sent by facsimile and first class mail on this 10th day of October, 2000 to:

Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
1420 Beverly Road, Suite 330
McLean, VA 22101
Fax: 703-761-0180

Sherry Kinland Kaswell
Sherry Kinland Kaswell

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

October 25, 2001

APPEALS OF
AMERICAN TELECOM CORP. IBCA 4164-1999 and 4165-1999

Contract Nos.
1435-01-99-RC30978/82115
1435-01-99-RC30982/82140
Minerals Management Service

APPEARANCE FOR APPELLANT: Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
Washington, D.C.

APPEARANCE FOR GOVERNMENT: Jeanne A. Anderson, Esq.
Office of the Solicitor
Division of General Law
Procurement and Patents
Washington, D.C.

Order

The Government has filed a motion to dismiss the above captioned appeals on the grounds that interrogatory and production of document requests to appellant, particularly those relating to quantum, were not sufficiently answered. Appellant objects to the motion on the grounds that it is only seeking a determination regarding termination for default, not damages thereon. Insofar as the motion seeks dismissal of the claim of invalid termination for default, the motion is denied.

However, the motion is granted insofar as Appellant is seeking damages, no certified claim having been filed with the Contracting Officer and no discovery having been provided on quantum issues.

With regard to pending discovery requests, Mr. Klingelhofer has agreed to review the documents in his possession, select those documents upon which he intends to rely at trial, and produce those documents to Ms. Anderson on or before November 15, 2001. Assuming there are a reasonable number of documents, Ms. Anderson will make a copy of the documents for the Respondent and return the originals to Mr.

Klingelhofer. It is anticipated at this point that there will be no depositions taken in this case. On or before December 28, 2001, Ms. Anderson will request any additional documents suggested by her review, and Mr. Klingelhofer will produce them by January 15, 2002. The parties will provide a joint status report to the Board regarding settlement possibilities, mediation, and/or a trial schedule, on or before January 28, 2002.

Candida Steel
Administrative Judge

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

October 25, 2001

APPEALS OF
AMERICAN TELECOM CORP. — IBCA 4164-1999 and 4165-1999

Contract Nos.
1435-01-99-RC30978/82115
1435-01-99-RC30982/82140
Minerals Management Service

APPEARANCE FOR APPELLANT: Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
Washington, D.C.

APPEARANCE FOR GOVERNMENT: Jeanne A. Anderson, Esq.
Office of the Solicitor
Division of General Law
Procurement and Patents
Washington, D.C.

<u>Order</u>

The Government has filed a motion to dismiss the above captioned appeals on the grounds that interrogatory and production of document requests to appellant, particularly those relating to quantum, were not sufficiently answered. Appellant objects to the motion on the grounds that it is only seeking a determination regarding termination for default, not damages thereon. Insofar as the motion seeks dismissal of the claim of invalid termination for default, the motion is denied.

However, the motion is granted insofar as Appellant is seeking damages, no certified claim having been filed with the Contracting Officer and no discovery having been provided on quantum issues.

With regard to pending discovery requests, Mr. Klingelhofer has agreed to review the documents in his possession, select those documents upon which he intends to rely at trial, and produce those documents to Ms. Anderson on or before November 15, 2001. Assuming there are a reasonable number of documents, Ms. Anderson will make a copy of the documents for the Respondent and return the originals to Mr.

Klingelhofer. It is anticipated at this point that there will be no depositions taken in this case. On or before December 28, 2001, Ms. Anderson will request any additional documents suggested by her review, and Mr. Klingelhofer will produce them by January 15, 2002. The parties will provide a joint status report to the Board regarding settlement possibilities, mediation, and/or a trial schedule, on or before January 28, 2002.

Candida Steel
Candida Steel
Administrative Judge

**Before the**
**INTERIOR BOARD OF CONTRACT APPEALS**
**Arlington, Virginia**

| | |
|---|---|
| AMERICAN TELECOM CORPORATION,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR<br>MINERALS MANAGEMENT SERVICE,<br>Respondent.<br><br>Contract No. 1435-01-99-RC30978/82115 and<br>Contract No. 1435-01-99-RC30982/82140 | IBCA Nos. 4164-1999<br>4165-1999 |

APPELLANT'S MOTION TO WITHDRAW APPEAL

Appellant American Telecom Corporation hereby withdraws its appeal in the above-captioned matter. Appellant also moves the Board for entry of an order dismissing the appeal without prejudice as described below.

1. Appellant is financially unable to continue this appeal. It has largely ceased its operations and therefore does not wish to contest the default as it now stands.

2. Appellant recognizes that, if it withdraws its appeal at this point, it will be unable to affirmatively challenge the Contracting Officer's final decision relating to the default. Any such future affirmative challenge clearly would be time-barred pursuant to the Contract Disputes Act.

3. However, the possibility still exists that Respondent may attempt to assess or offset alleged excess reprocurement costs against Appellant in the future. While Respondent

has not assessed such costs to date, Appellant may need to challenge the propriety of the default decision as a defense to a future imposition of such costs by Respondent.

4. Such a defensive challenge is permissible under the *Fulford Doctrine*, unless an earlier challenge to the default was dismissed with prejudice. *See Premier Building Services*, ASBCA No. 51,804, 00-1 BCA ¶ 30,696 (1999); *Bulloch International*, ASBCA No. 44,210, 93-2 BCA ¶ 25,692 (1992).

5. Appellant therefore requests that the Board's dismissal of this appeal be made without prejudice to Appellant's potential right to challenge excess reprocurement costs under the *Fulford Doctrine* if imposed in any manner by Respondent. In all other respects, the dismissal should be with prejudice.

6. A dismissal at this time is in the best interest of both parties; it would eliminate the need for a lengthy trial with numerous witnesses on both sides as well as the large amount of time and effort necessary to prepare for and brief such a proceeding. Moreover, Respondent has not imposed, assessed or offset alleged excess reprocurement costs to date, even though Appellant's contract was terminated more than two years ago and, presumably, the replacement contract was completed a year or more ago. The requested dismissal should not prejudice Respondent in any way.

7. Appellant's request obviously serves the interest of judicial economy and removes this matter from the Board's docket without the need for further proceedings.

8. In light of the withdrawal of its appeal, Appellant requests that it be relieved of the now-unnecessary burden of providing documents to Respondent by November 18, 2001.

WHEREFORE, Appellant requests that it be permitted to withdraw its appeal and that the Board issue an Order dismissing this appeal with prejudice, with the proviso that such dismissal will not preclude Appellant from challenging the default as a defense to the future imposition, assessment or offset of any excess reprocurement costs.

Respectfully submitted,

Victor G. Klingelhofer
COHEN MOHR LLP
1420 Beverly Road, Suite 330
McLean, Virginia 22101
Tel: (703) 761-1100
Counsel for Appellant

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2001, a copy of the foregoing was served by mail and fax on:

Jeanne Anderson, Esq.
Department Counsel
U.S. Department of the Interior
Office of the Solicitor
Division of General Law
Office of Procurement and Patents
1849 C Street, NW, Mail Stop 6530
Washing ton D.C. 20240
Tel. (202) 208-6201
Fax (202) 208-6475

Victor G. Klingelhofer

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

December 3, 2001

APPEALS OF
AMERICAN TELECOM CORP.

IBCA 4164-1999 and 4165-1999

Contract Nos.
1435-01-99-RC30978/82115
1435-01-99-RC30982/82140
Minerals Management Service

APPEARANCE FOR APPELLANT: Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
Washington, D.C.

APPEARANCE FOR GOVERNMENT: Jeanne A. Anderson, Esq.
Office of the Solicitor
Division of General Law
Procurement and Patents
Washington, D.C.

Order

The Appellant has filed a motion to dismiss without prejudice the above captioned appeals. The Government has not opposed the dismissal. The appeals are therefore dismissed without prejudice to Appellant's potential right to challenge excess reprocurement costs should the Government decide to impose them. Appellant need not provide documents to the Government as set forth in the Order of October 25, 2001.

Candida Steel
Administrative Judge

I concur:

Bernard Parrette
Acting Chief Administrative Judge

# DECLARATION

I, Daniel McCarthy hereby declare and aver as follows:

that I am the current contracting officer for the Albany VA project, which was governed by two deliver orders between the Minerals Management Service (MMS) Department of Interior (DOI) and American Telecom Corporation (ATC) – delivery order nos. 1435-01-99-RC30978/82115 and 1435-01-00-RC30982/82140. I am the custodian of the files related to the Albany VA project.

I have reviewed the contract files related to the Albany VA project. Among those files is a contracting officer's final decision addressed to ATC dated October 29, 1999, terminating the above-referenced delivery orders for default. Attachment 1. The letter was signed by contracting officer James T. Connors. The letter fully advised ATC of its right to appeal the default termination to the Board of Contract Appeals or the Court of Federal Claims. ATC subsequently appealed the default termination to the Board of Contract Appeals and the appeal was docketed by the Board on November 9, 1999. Attachment 2. The contract for the Albany VA Project, Contract No. 1435-01-99-RG30978, contained the contractual terms and conditions that governed the work to be performed under the Albany VA Project. Attached is a true and correct copy of the cover page and Section III of the contract. Attachment 3. Section III contains the contracts termination-for-convenience clause.

I declare under penalty of perjury under the laws of the United Dates that the foregoing is true and correct. 28 U.S.C. §1746. Executed on 4/13/04.

Daniel McCarthy

# ATTACHMENT 1

# United States Department of the Interior

MINERALS MANAGEMENT SERVICE
Washington, D.C. 20240

October 29, 1999

American Telecom Corporation
3714 Alliance Dr, Suite 105
Greensboro, NC 27407
Attn: Mr. Fred Anthony

(VIA CERTIFIED MAIL)

SUBJECT: Notice of Termination for Cause: Contract 1435-01-99-RC30978/82115 and
Contract 1435-01-99-RC30982/82140

Contracts 1435-01-99-RC30978/82115 and 1435-01-99-RC30982/82140 are hereby terminated in entirety for cause of the contractor.

The subject fixed price contracts were awarded to you non-competitively under SBA 8(a) Direct Authority on January 29, 1999. These contracts required you to provide all labor, materials, site preparation and cabling for Phases 1 and 2 of the Albany, N.Y. Veterans Affairs Medical Center Telecommunications Infrastructure Project (TIP). TIP's goals are to improve patient care by enhancing the electronic means by which Veterans Affair employees communicate with each other within a health care facility as well as between medical facilities. The Albany VAMC provides essential medical services to veterans within a 100 mile radius. The facility has 163 beds and treats 350 out patients on an average day. Your contract delivery schedule for this project mandated contract completion by November 2, 1999.

From the start of the project through October 25, 1999, you have failed to make substantial progress in accordance with your submitted GANTT charts. A meeting was convened in Albany, N.Y. on May 13, 1999, in response to government concerns about your lack of progress. At that time, only about 5% of the total cabling was completed and no cable terminations were finished. It was at this meeting your designated representatives met with and assured the government that corrective actions would be initiated to put the project back on schedule in order to meet the completion date of November 2, 1999.

A Cure Notice was issued by the Contracting Officer on July 14, 1999, for your continued failure to make adequate progress and failure to maintain schedule. By July 14, 1999, less than 10% of the total cabling was completed and there were still no cable terminations. You met with government representatives in Falls Church, VA. on July 26, 1999, to respond to the Cure Notice. At this meeting you personally assured the government that corrective actions would be implemented in order to achieve the contract completion date of November 2, 1999. Your July 28, 1999, formal response to the Cure Notice provided a detailed remedy plan outlining the steps and schedules to be enacted to complete the project by November 2, 1999. Your plan was accepted by the government and performance was allowed to continue.

From July 28, 1999, through October 4, 1999, you failed to achieve your stated milestones as outlined in your formal response to the Cure Notice. By October 4, 1999 less than 25% of the total required cabling was installed at eight months into the nine-month project. A Show Cause Notice was issued on October 4, 1999. You have failed to progress in accordance with your established milestones in order to meet the contract completion date. With only 4 days remaining in the nine-month period of performance, you have completed only about 25% of the project cabling and about 10% of the termination and testing for the entire project.

After due consideration of all the facts, the Contracting Officer hereby finds and determines that you have failed to complete the requirements of the subject contract. This failure did not arise out of causes beyond your control or without fault or negligence on your part. Therefore, you are hereby notified that the Government, by this written notice, terminates subject contracts, including your right to proceed thereunder, in entirety for Cause in accordance with the contract Regulation 52.212-4 "Contract Terms and Conditions—Commercial Items (APR 1998)", the paragraph entitled "Termination for Cause", effective upon receipt of this notice.

When the services terminated hereby are reprocured, you will be held liable for any excess costs incurred. In addition thereto, all rights and remedies provided by law or under subject contracts are reserved by the Government. You will be notified within 60 days of receipt of this notice which remedies the Government intends to seek.

This is the final decision of the Contracting Officer. You may appeal this decision to the Department of Interior Board of Contract Appeals. If you decide to make such an appeal, you must, within 90 days from the date you receive this decision, mail, or otherwise furnish written notice to the Department of Interior Board of Contract Appeals, 4015 Wilson Boulevard, Arlington, Virginia 22203, and provide a copy to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring action directly in the United States Court of Federal Claims, (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

The Denver Office of the Small Business Administration has been notified of this termination and the SBA Contracting Officer concurs with this decision.

James T. Connors
Contracting Officer
Minerals Management Service

cc: Ed Voelsing (SBA)
William Welch (GSA/FEDSIM)
Sherry Kaswell (OFS/DOI)
Rick Zigrosser (Veterans Administration)

# ATTACHMENT 2

United States Department of the Interior

TAKE PRIDE IN AMERICA

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

IN REPLY REFER TO:

CERTIFIED MAIL--RETURN RECEIPT REQUESTED

November 9, 1999

Victor G. Klingelhofer, Esq.
John J. O'Brien, Esq.
Cohen Mohr, LLP
1055 Thomas Jefferson Street, NW
Suite 504
Washington, DC 20007

<u>DOCKETING NOTICE</u>
IBCA 4164-1999
and
IBCA 4165-1999

Dear Messrs. Klingelhofer and O'Brien:

The appeals of American Telecom Corporation, filed with respect to Minerals Management Service Contract Nos. 1435-01-99-RC30978/82115 and 1435-01-99-RC30982/82140 have been docketed as IBCA 4164-1999 and IBCA 4165-1999 and assigned to Chief Administrative Judge Gene Perry Bond.

Future correspondence regarding these appeals should refer to these docket numbers. The Board should be addressed as follows:

Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203-1954

A copy of the Board's Rules of Procedure is enclosed. Please note that Section 4.107(a) of the Rules requires that Appellant's counsel file a Complaint within <u>30 days</u> after receipt of this docketing notice. Also, please note that Section 4.117 requires that a copy of any document filed with the Board shall be served upon the other party. It is equally important that <u>all</u> correspondence be dated before filing.

In addition to the Rules, we have enclosed copies of the Board's Notice Regarding Alternative Methods of Dispute Resolution (ADR), which was adopted on February 7, 1990, and of our Code of Professional Courtesy, adopted May 1, 1994. Both are self-explanatory. An increasingly high percentage of parties who choose ADR methods now resolve their disputes without the expense of a formal evidentiary hearing before the Board. The Code was similarly adopted because of a perceived need for it on the part of both judges and members of the bar. We commend it to your attention.

By copy of this docketing notice, the Office of the Solicitor, Minerals Management Service (LMS), Washington, D.C., is requested to designate counsel to represent the Government in these appeals. Likewise, by copy hereof, the Contracting Officer is reminded to promptly, within not more than 30 days, compile the appeal file and transmit copies thereof to the Board, Department counsel and to Appellant's counsel as specified in Section 4.104 of the Board's Rules.

The Contracting Officer is also reminded to note the specific provisions of Section 4.104(c) requiring that documents included in the appeal file be legible, arranged in chronological order when practicable, numbered sequentially, tabbed, indexed to identify the contents of the file, and bound.

Sincerely yours,

Barbara J. King

Barbara J. King
Recorder

Enclosures:

cc: James T. Connors, Contracting Officer
U.S. Department of the Interior
Minerals Management Service
1849 C Street, NW
Washington, D.C. 20240-0001
ms4230-MIB

Office of the Solicitor
U.S. Department of the Interior
Division of General Law
1849 C Street, NW
Washington, D.C. 20240-0001
ms6530-MIB

# ATTACHMENT 3

# SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS
**OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30**

1. REQUISITION NUMBER: N\A
PAGE 1 OF 1

2. CONTRACT NO.: 1435-01-99-RC-30978
3. AWARD/EFFECTIVE DATE: See Block 31
4. ORDER NUMBER: N\A
5. SOLICITATION NUMBER: N/A
6. SOLICIATION ISSUE DATE:

7. FOR SOLICITATION INFORMATION CALL: a. NAME | b. TELEPHONE NUMBER *(No collect calls)*
8. OFFER DUE DATE/ LOCAL TIME

9. ISSUED BY CODE
Department of the Interior
Minerals Management Service
Procurement Operations Branch
381 Elden Street, Mail Stop 2500
Herndon, VA 20170

10. THIS ACQUISITON IS
☐ UNRESTRICTED
☐ SET ASIDE: % FOR
☐ SMALL BUSINESS
☐ SMALL DISAV. BUSINESS
☒ 8(A)
SIC: 4813
SIZE STANDARD: 1500 empl.

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED ☐ SEE SCHEDULE

12. DISCOUNT TERMS: Net 30 Days

☐ 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING

14. METHOD OF SOLICITATION ☐ RFQ ☐ IFB ☒ RFP

15. DELIVER TO CODE
To be specified on individual Delivery Orders

16. ADMINISTERED BY CODE
Contracting Officer
Address is the same as in Block 9 above

17a. CONTRACTOR/ OFFEROR CODE FACILITY CODE
**Prime:** U.S. Small Business Administration
**Subcontractor:** American Telecom Corporation
(910) 852-2091
TELEPHONE NO.

18a. PAYMENT WILL BE MADE BY CODE
Send Invoices to the Contracting Officer
Address is the same as in Block 9 above.

☐ 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED ☐ SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | The Contractor shall provide all equipment, supplies and personnel to perform in accordance with the attached Statement of Work. Contractor shall commence work upon the issuance of individual Delivery Orders issued hereunder. **This contract is issued under Direct Authority from SBA, reference SBA Requirement No 0460-99-900213.** | | | | |
| | *(Attach Additional Sheets as Necessary)* | | | | |

25. ACCOUNTING AND APPROPRIATION DATA: To be provided on Individual Delivery Orders
26. TOTAL AWARD AMOUNT *(For Govt. Use Only)*: N/A

☐ 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA ☐ ARE ☐ ARE NOT ATTACHED
☒ 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA ☒ ARE ☐ ARE NOT ATTACHED

28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ____ COPIES ☐ TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

29. AWARD OF CONTRACT: REFERENCE ____ OFFER ☐ DATED ____. YOUR OFFER ON SOLICITATION (BLOCK 5 INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR: [signature]
30b. NAME AND TITLE OF SIGNER *(Type or print)*: Fred Anthony, CEO
30c. DATE SIGNED: 1/12/99

31a. UNITED STATES OF AMERICA *(SIGNATURE OF CONTRACTING OFFICER)*: James T. Connors [signature]
31b. NAME OF CONTRACTING OFFICER *(Type or pint)*: JAMES T. CONNORS
31c. DATE SIGNED: 1/13/99

32a. QUANTITY IN COLUMN 21 HAS BEEN ☐ RECEIVED ☐ INSPECTED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED
32b. SIGNATURE OF AUTHORIZED GOVT. REPRESENTATIVE
32c. DATE
33. SHIP NUMBER ☐ PARTIAL ☐ FINAL
34. VOUCHER NUMBER
35. AMOUNT VERIFIED CORRECT FOR
36. PAYMENT ☐ COMPLETE ☐ PARTIAL ☐ FINAL
37. CHECK NUMBER
38. S/R ACCOUNT NUMBER
39. S/R VOUCHER NUMBER
40. PAID BY
41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT
41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER
41c. DATE
42a. RECEIVED BY *(Print)*
42b. RECEIVED AT *(Location)*
42c. DATE REC'D *(YY/MM/DD)*
42d. TOTAL CONTAINERS

AUTHORIZED FOR LOCAL REPRODUCTION
SEE REVERSE FOR OMB CONTROL NUMBER AND PAPERWORK BURDEN STATEMENT
S P
) 212

52.212-4 CONTRACT TERMS AND CONDITIONS--COMMERCIAL ITEMS (APR 1998)

(a) *Inspection/Acceptance.* The Contractor shall only tender for acceptance those items that conform to the requirements of this contract. The Government reserves the right to inspect or test any supplies or services that have been tendered for acceptance. The Government may require repair or replacement of nonconforming supplies or reperformance of nonconforming services at no increase in contract price. The Government must exercise its post-acceptance rights (1) within a reasonable time after the defect was discovered or should have been discovered; and (2) before any substantial change occurs in the condition of the item, unless the change is due to the defect in the item.

(b) *Assignment.* The Contractor or its assignee's rights to be paid amounts due as a result of performance of this contract, may be assigned to a bank, trust company, or other financing institution, including any Federal lending agency in accordance with the Assignment of Claims Act (31 U.S.C. 3727).

(c) *Changes.* Changes in the terms and conditions of this contract may be made only by written agreement of the parties.

(d) *Disputes.* This contract is subject to the Contract Dispute Act of 1978, as amended (41 U.S.C. 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claims, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract.

(e) *Definitions.* The clause at FAR 52.202-1, Definitions, is incorporated herein by reference.

(f) *Excusable delays.* The Contractor shall be liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the Contractor and without its faults or negligence such as, acts of God or the public enemy, acts of the Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, unusually severe weather, and delays of common carriers. The Contractor shall notify the Contracting Officer in writing as soon as it is reasonably possible after the commencement of any excusable delay, setting forth the full particulars in connection therewith, shall remedy such occurrence with all reasonable dispatch, and shall promptly give written notice to the Contracting Officer of the cessation of such occurrence.

(g) *Invoice.* The Contractor shall submit an original invoice and three copies (or electronic invoice, if authorized,) to the address designated in the contract to receive invoices. An invoice must include--

(1) Name and address of the Contractor;
(2) Invoice date;
(3) Contract number, contract line item number and, if applicable, the order number;

(4) Description, quantity, unit of measure, unit price and extended price of the items delivered;
(5) Shipping number and date of shipment including the bill of lading number and weight of shipment if shipped on Government bill of lading;
(6) Terms of any prompt payment discount offered;
(7) Name and address of official to whom payment is to be sent; and
(8) Name, title, and phone number of person to be notified in event of defective invoice.

Invoices will be handled in accordance with the Prompt Payment Act (31 U.S.C. 3903) and Office of Management and Budget (OMB) Circular A-125, Prompt Payment. Contractors are encouraged to assign an identification number to each invoice.

(h) *Patent Indemnity.* The Contractor shall indemnify the Government and its offerors, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of his contract, provided the Contractor is reasonably notified of such claims and proceedings.

(I) *Payment.* Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract. The Government will make payment in accordance with the Prompt Payment Act (31 U.S.C. 3903) and Office of Management and Budget (OMB) Circular A-125, Prompt Payment. Unless otherwise provided by an addendum to this contract, the Government shall make payment in accordance with the clause at FAR 52.232-33, Mandatory Information for Electronic Funds Transfer Payment, which is incorporated herein by reference. In connection with any discount offered for early payment, time shall be computed from the date of the invoice. For the purpose of computing the discount earned, payment shall be considered to have been made on the date which appears on the payment check or the specified payment date if an electronic funds transfer payment is made.

(j) *Risk of loss.* Unless the contract specifically provides otherwise, risk of loss or damage to the supplies provided under this contract shall remain with the Contractor until, and shall pass to the Government upon:

(1) Delivery of the supplies to a carrier, if transportation is f.o.b. origin; or
(2) Delivery of the supplies to the Government at the destination specified in the contract, if transportation is f.o.b. destination.

(k) *Taxes.* The contract price includes all applicable Federal, State, and local taxes and duties.

(l) *Termination for the Government's convenience.* The Government reserves the right to

terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination. The Contractor shall not be required to comply with the cost accounting standards or contract cost principles for this purpose. This paragraph does not give the Government any right to audit the Contractor's records. The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

(m) *Termination for cause.* The Government may terminate this contract, or any part hereof, for cause in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all rights and remedies provided by law. If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.

(n) *Title.* Unless specified elsewhere in this contract, title to items furnished under this contract shall pass to the Government upon acceptance, regardless of when or where the Government takes physical possession.

(o) *Warranty.* The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.

(p) *Limitation of liability.* Except as otherwise provided by an express or implied warranty, the Contractor will not be liable to the Government for consequential damages resulting from any defect or deficiencies in accepted items.

(q) *Other compliances.* The Contractor shall comply with all applicable Federal, State, and local laws, executive orders, rules and regulations applicable to its performance under this contract.

(r) *Compliance with laws unique to Government contracts.* The Contractor agrees to comply with 31 U.S.C. 1352 relating to limitations on the use of appropriated funds to influence certain Federal contracts; 18 U.S.C. 431 relating to officials not to benefit; 40 U.S.C. 327, *et seq.*, Contract Work Hours and Safety Standards Act; 41 U.S.C. 51-58, Anti-Kickback Act of 1986; 41 U.S.C. 265 and 10 U.S.C. 2409 relating to whistleblower protections; and 49 U.S.C. 40118, Fly American; and 41 U.S.C. 423 relating to procurement integrity.

(s) *Order of precedence.* Any inconsistencies in this solicitation or contract shall be

resolved by giving precedence in the following order: (1) the schedule of supplies/services; (2) the Assignments, Disputes, Payments, Invoice, Other Compliances, and Compliance with Laws Unique to Government Contracts paragraphs of this clause; (3) the clause at 52.212-5; (4) addenda to this solicitation or contract, including any license agreements for computer software; (5) solicitation provisions if this is a solicitation; (6) other paragraphs of this clause; (7) the Standard Form 1449; (8) other documents, exhibits, and attachments; and (9) the specification.

(End of clause)