**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | Civil Action No. 03-1627 C<br>Judge Emily C. Hewitt |

**AMERICAN TELECOM CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff American Telecom Corporation ("ATC"), by and through undersigned counsel, and for its Answer to Defendant's Counterclaim, states as follows:

1. ATC admits that it entered into Contract No. 1435-01-99-RC-30978 with the United States Department of Interior. ATC states that the terms of Contract speak for themselves and therefore, to the extent the allegations in paragraph 1 of Defendant's Counterclaim concern facts pertaining to written documents and the allegations are inconsistent therewith, they are denied.

2. ATC admits that if the Cure Notice is a written document, the terms speak for themselves. ATC denies each and every remaining allegation and inference in paragraph 2 of Defendant's Counterclaim.

3. ATC admits that on or about October 4, 1999, the United States Department of Interior issued a Show Cause Notice to ATC. ATC states that the terms of the Show Cause Notice speak for themselves and therefore, to the extent the allegations in paragraph 3 of

Defendant's Counterclaim concern facts pertaining to written documents and the allegations are inconsistent therewith, they are denied.

4. ATC admits that on or about October 29, 1999, the United States Department of Interior terminated ATC allegedly for cause. ATC denies that cause existed for termination and each and every remaining allegation and inference in paragraph 4 of Defendant's Counterclaim.

5. ATC is without sufficient knowledge to admit or deny the allegations in paragraph 5 of Defendant's Counterclaim and therefore denies the allegations.

6. ATC is without sufficient knowledge to admit or deny the allegations in paragraph 6 of Defendant's Counterclaim and therefore denies the allegations.

7. ATC admits that the United States Department of Interior failed to pay all outstanding invoices due and owed ATC under Contract No. 1435-01-99-RC-30982 based upon its claim of offset in an amount of at least $87,815.26. ATC denies each and every remaining allegation and inference in paragraph 7 of Defendant's Counterclaim.

8. ATC admits that the United States Department of Interior has stated that ATC owes the Government $699,115 for reprocurement costs. ATC denies that it has any liability for these costs as well as the reasonableness of such reprocurement costs and therefore, denies each and every remaining allegation and inference in paragraph 8 of Defendant's Counterclaim.

9. ATC denies that it has any liability for the costs as well as the reasonableness of the reprocurement costs and therefore, denies each and every allegation and inference in paragraph 9 of Defendant's Counterclaim.

10. Insofar as any allegation in Defendant's Counterclaim was not admitted or denied specifically in the preceding paragraphs, it is denied. Insofar as it has the right to do so, ATC

reserves the right to amend this Answer at any time and will take advantage of any defense occasioned by Defendant's own evidence or occasioned by any other evidence in this action.

**FIRST AFFIRMATIVE DEFENSE**

11. Defendant's Counterclaim fails to state a claim upon which relief can be granted against ATC.

**SECOND AFFIRMATIVE DEFENSE**

12. ATC denies that cause existed for termination of its contract and that it owes any monies to Defendant for reprocurement costs and demands strict proof thereof.

**THIRD AFFIRMATIVE DEFENSE**

13. Defendant's reprocurement costs are unreasonable and the scope of work under the reprocurement contract is materially dissimilar from the scope of work under Contract No. 1435-01-99-RC-30978 with ATC.

**FOURTH AFFIRMATIVE DEFENSE**

14. Defendant's calculation of reprocurement costs fails to provide a credit for materials and cable paid and stored by ATC at the Albany project.

**FIFTH AFFIRMATIVE DEFENSE**

15. Defendant's assessment of reprocurement costs is improper because the reprocurement costs are overstated or outside the scope of ATC's work under Contract No. 1435-01-99-RC-30978.

WHEREFORE, American Telecom Corporation respectfully requests that Defendant's Counterclaim be dismissed with prejudice and that judgment be entered against Defendant and in favor of American Telecom Corporation, together with such other further relief as the Court deems appropriate.

May 3, 2004

Respectfully submitted,

s/Robert J. Symon

Robert J. Symon, Esq.
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005
(202) 898-5800

Attorney for Plaintiff
AMERICAN TELECOM CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May 2004, a copy of the foregoing AMERICAN TELECOM CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIM was forwarded via electronic filing and first class mail, postage prepaid to the following:

James Meister, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attn: Classification Unit
8th Floor, 1100 L Street, N.W. 20530

s/Robert J. Symon
Robert J. Symon