**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | Civil Action No. 03-1627 C<br>Judge Emily C. Hewitt |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

COMES NOW, Plaintiff, American Telecom Corporation, by and through undersigned counsel, and respectfully submits its opposition to Defendant's Motion for Partial Dismissal. Defendant contends that Count II of Plaintiff's Complaint should be dismissed because Plaintiff's prior appeal at the Interior Board of Contracts Appeals seeking compensation for a wrongful termination precludes Plaintiff from seeking *any* damages as a result of a wrongful termination as part of Plaintiff's current appeal of the assessment of reprocurement costs by the government (i.e. the "Election Doctrine"). However, as set forth below Plaintiff is not seeking damages related to a conversion of a wrongful termination to a termination for convenience. Rather, Plaintiff is merely seeking the recovery of undisputed amounts due and owed for work performed prior to the termination if this Court deems the termination wrongful.

## I. Plaintiff Is Not Seeking Damages for Wrongful Termination

In Count II of its Complaint, Plaintiff seeks damages in the amount of at least $538,132.11 for the labor and material that it provided to the government for the Albany

Contract at the Government's request. Plaintiff is currently owed $538,132.11 on invoices it remitted to the government on the Albany project.[1] Unlike its prior Complaint, Plaintiff is not seeking damages for wrongful termination – which totalled $1,507,733.46. Indeed, the conversion of a wrongful termination to a termination for convenience effectively converts a contract into a cost-reimbursement contract and that is how Plaintiff calculated its damages in the original Complaint. Here, Plaintiff is not seeking those type of damages in Count II. Plaintiff is seeking undisputed amounts owed to it for work performed prior to the time of the termination. If the Court finds that the termination is wrongful, the government should not be permitted to offset the undisputed amounts due Plaintiff against excess reprocurement costs to which it is not entitled or costs of reprocurement that exceed the requirements of Plaintiff's Albany Contract.[2]

The ruling by the Court on Defendant's first Motion for Partial Dismissal has no relationship to the damages that Plaintiff claims in Count II of its Amended Complaint. The Court granted Defendant's Motion for Partial Dismissal insofar as it seeks the recovery of costs for wrongful termination for default. In Paragraph 16 of Plaintiff's original Complaint, Plaintiff alleged that:

> ATC is entitled to conversion of the wrongful default termination to a termination for the convenience of the Government, thereby denying the Government right to excess reprocurement costs and requiring the Government to reimburse ATC for all costs incurred during performance of the Albany Contract.

---

[1] Plaintiff also seeks costs for invoices not submitted to the government for work performed prior to the termination and the value of materials in storage and utilized by the government to complete the Albany Project.

[2] The Government has provided Plaintiff the reprocurement contract and scope of work, which Plaintiff is currently reviewing to determine whether the reprocurement scope is identical to Plaintiff's scope of work under the Albany Contract. Upon information and belief, the reprocurement effort represented an upgrade from the installation effort required of Plaintiff under its contract.

(Exhibit A). Plaintiff sought damages in the amount of $1,504,733.46 for its costs in performing its work on the Albany Project. Plaintiff alleged that it was entitled to conversion of the wrongful default termination to a termination for the convenience of the Government, thereby requiring the Government to reimburse it for *all* costs incurred during performance of the Albany Contract. The Court ruled that Plaintiff was not entitled to damages for wrongful termination based on the Election Doctrine. In its Amended Complaint, Plaintiff seeks only amounts that were due and owed at the time of the termination, not termination for convenience damages due to a wrongful termination.

In Paragraph 19 of its Amended Complaint, Plaintiff alleges that

> Because the termination of the Albany Contract was wrongful, ATC is entitled to payment in the amount of at least $538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by the government to complete the Albany Project.

(Exhibit B). Plaintiff seeks recovery for the amounts due and owed Plaintiff by the government at the time of termination based on undisputed invoices and the value of materials, which remained at the Project. As stated above, termination for convenience damages are not the type of damages at issue in Count II of Plaintiff's Amended Complaint and therefore, the Court's ruling on Defendant's first Motion for Partial Dismissal is inapplicable. For example, under normal circumstances, if at the time of termination Plaintiff had outstanding claims for extra work, and the termination was wrongful, Plaintiff would be entitled to recover "costs" associated with those claims. However, because of the Court's prior ruling concerning the Election Doctrine, these costs cannot be recovered by Plaintiff if the termination for default is determined by the Court to be wrongful. However, Plaintiff does not believe that the Court's ruling extends to amounts that were *undisputedly* due the contractor at the time of termination, if the Court

concludes that the termination was wrongful. That result is not logical, nor is it equitable given that the government would receive a significant windfall.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Partial Dismissal.

July 2, 2004

Respectfully submitted,

s/ Robert J. Symon

Robert J. Symon
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 - Fax

Counsel of Record for
AMERICAN TELECOM CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July 2004, a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL was forwarded via electronic filing to the following:

Douglas Mickle
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530
Fax: (202) 307-0972

s/Robert J. Symon
Robert J. Symon