# Exhibit B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMERICAN TELECOM CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 03-1627 C<br>Judge Emily C. Hewitt |

**AMENDED COMPLAINT**
**FOR DECLARATORY AND AFFIRMATIVE RELIEF**

Plaintiff American Telecom Corporation, by the undersigned counsel, files this Amended Complaint against Defendant the United States, and alleges as follows:

**JURISDICTIONAL STATEMENT**

1. Jurisdiction is conferred by 28 U.S.C. § 1491. This action is brought pursuant to the provision of 41 U.S.C. § 609(a) and seeks a judgment, plus interest, for costs incurred by Plaintiff under its contracts with Defendant.

2. Plaintiff, American Telecom Corporation ("ATC"), is a small disadvantaged business and 8(a) technology installation firm with its principal place of business in Charleston, South Carolina.

3. Defendant, the United States of America, acting by and through the Department of the Interior, Mineral Management Service, a federal agency, is a body politic authorized by law to enter into contracts for the procurement of goods and services.

**COUNT I – ALBANY PROJECT**
**(Wrongful Termination)**

4. On or about January 29, 1999, the United States Department of the Interior, Minerals Management Service (hereinafter "Government") awarded Contract No. 1435-01-99-RC-30978 (hereinafter "Albany Contract") to American Telecom Corporation ("ATC" or "Contractor") to provide all labor, equipment and materials to perform site preparation and cabling at the Department of Veterans Affairs, Samuel S. Stratton Medical Center in Albany, New York (hereinafter "Albany Project").

5. The Albany Contract was a firm-fixed-price, indefinite quantity, indefinite delivery order contract. The total estimated cost for the work to be accomplished under the Albany Contract was $2,863,532.56.

6. Shortly after contract award, ATC commenced performance. Upon performance, ATC encountered undisclosed conditions and obstructions that were materially different from the Albany Contract drawings and were not observable by ATC's pre-bid site inspection.

7. The Government had knowledge of the undisclosed conditions and obstructions and failed to properly depict the conditions on the Albany Contract drawings or disclose the conditions to ATC.

8. ATC's reliance on the inaccurate Albany Contract drawings and the Government's representations impacted its material delivery plan, impeded its progress performance and caused ATC to incur additional costs.

9. On or about October 4, 1999, the Government issued a show cause notice for ATC's alleged delay of the Albany Project.

10. On or about October 14, 1999, ATC responded to the Government's show cause notice and stated that it continued to encounter significant differing site conditions than depicted

in the Albany Contract drawings. ATC also stated that it was preparing a new project schedule to plan future operations for achievement of the completion date.

11. On or about October 29, 1999, the Government wrongfully terminated ATC for default for failure to make substantial progress on the Albany Project in accordance with ATC's original project schedule. Because the Government directly impeded ATC's progress performance by failing to disclose conditions and obstructions that were materially different from the Albany Contract drawings and therefore, the Government's default termination is wrongful.

12. On or about April 7, 2000, the Government awarded a contract to reprocure the site preparation and cabling work on the Albany Project.

13. By letter dated February 4, 2003, the Contracting Officer issued a final decision establishing the costs to reprocure the Albany work. The Contracting Officer stated that ATC owed the Government $699,115 for costs associated with completing the Albany Project under a reprocurement contract.

14. Because the termination of the Albany Contract was wrongful, arbitrary, and in bad faith, the Government is not entitled to excess costs of reprocurement.

WHEREFORE, American Telecom Corporation respectfully moves the Court to declare that the Government's termination of American Telecom Corporation was wrongful and that the Government is not entitled to excess costs of reprocurement of the Albany Contract.

**COUNT II – ALBANY PROJECT**
**(Failure to Pay Outstanding Balance)**

15. The allegations contained in paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

16. ATC provided labor and material to the Government for the Albany Contract at the Government's request. Said labor and material benefitted the Government and the Government failed to fully compensate ATC for the fair and reasonable value of its labor and material due at the time of the wrongful termination.

17. At the time of the wrongful termination, ATC was due and owed at least $538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by the government to complete the Albany Project.

18. The Government has failed and refused to pay ATC $538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by the government to complete the Albany Project.

19. Because the termination of the Albany Contract was wrongful, ATC is entitled to payment in the amount of at least $538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by the government to complete the Albany Project.

WHEREFORE, American Telecom Corporation respectfully moves the Court for entry of judgment against the Defendant for $538,132.11, plus invoices not submitted, plus the value of materials in storage and utilized by the government to complete the Albany Project, plus interest, costs, and any and all further relief as the Court may deem appropriate.

**COUNT III – ALBANY PROJECT**
**(Unreasonable Reprocurement Costs If Termination Decision Upheld)**

20. The allegations contained in paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. Upon information and belief, the Government's reprocurement costs are unreasonable and the scope of work under the reprocurement contract is materially dissimilar from the scope of work under the ATC Albany Contract. In addition, the Government's

calculation of reprocurement costs fails to provide a credit for materials and cable paid and stored by ATC at the Project site.

22. By charging ATC for reprocurement costs that are overstated or outside the scope of ATC's work, the Government's assessment of $699,115 for costs associated with completing the Albany Project under a reprocurement contract is improper.

WHEREFORE, American Telecom Corporation respectfully moves the Court to declare that the assessment of reprocurement costs improper because the costs are overstated or outside the scope of ATC's work.

**COUNT IV – BATH PROJECT**
**(Unpaid Invoices)**

23. The allegations contained in paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. On or about January 29, 1999, the United States Department of the Interior, Minerals Management Service (hereinafter "DOI" or "Government") awarded Contract No. 1435-01-99-RC-30982 (hereinafter "Bath Contract") to American Telecom Corporation ("ATC" or "Contractor") to provide all labor, equipment and materials to perform site preparation and cabling at the Veterans Administration Medical Center in Bath, New York (hereinafter "Bath Project").

25. The Bath Contract was a firm-fixed-price, indefinite quantity, indefinite delivery order contract. The total estimated cost for the work to be accomplished under the Bath Contract was $595,170.81.

26. On or about July 3, 2000, the Government accepted ATC's work in completion of the Bath Project.

27. Upon completion of the Bath Project, the Government failed to pay all outstanding ATC invoices based upon its claim of offset to reprocure the services required to complete the Albany Project.

28. On or about May 29, 2002, ATC submitted a certified claim to the Contracting Officer for payment of ATC's Invoice No.11, plus Prompt Payment Act interest, in the amount of $113,804.77.

29. By letter dated July 11, 2002, the Contracting Officer issued a final decision denying ATC's certified claim for payment of Invoice No. 11 stating that the payment was being withheld as a setoff towards satisfaction of the reprocurement costs on the Albany project.

30. ATC's Invoice No. 11 was properly submitted to the Government for payment and the Government has wrongfully refused to make payment in the amount of $113,804.77, plus interest and Prompt Payment Act interest.

31. The Government wrongfully terminated ATC on the Albany Project and therefore, the payment withheld from ATC on the Bath Project to setoff costs on the Albany Project is improper.

32. ATC is entitled to payment in the amount of at least $113,804.77.

WHEREFORE, American Telecom Corporation respectfully moves the Court for entry of judgment against the Defendant for $113,804.77, plus interest, costs, and any and all further relief as the Court may deem appropriate.

**COUNT V – BATH PROJECT**
**(Unpaid Change Orders)**

33. The allegations contained in paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34. During performance of the Bath Contract, ATC encountered changed conditions for which it incurred additional costs and submitted change proposal numbers 7, 8, 9, 11, 12, and 13. The following work was not in ATC's original scope or bid price for the Bath Contract:

a. Change Order No. 7 ($51,031.73): purchase of crimp software, the annual software support agreement, the on-site software training, trainer traveling, and the project management associated with inventory and input.

b. Change Order No. 8 ($139,081.33): purchase and installation of air conditioning equipment.

c. Change Order No. 9 ($1,004.17): preventing the plant copper cable from being exposed more than fifty feet after entering building #24. ATC terminated the plant copper cable in a protector and extended it using inside grade copper cable to the telecom room where it was terminated on a new 110 block.

d. Change Order No. 11 ($4,052.00): relocating the UPS circuits in building # 34 and #78, installing new wiring and breaker panels in the main switch room in building #76 and building a concrete pad for relocating UPS and for a new switch in building #34.

e. Change Order No. 12 ($6,120.85): providing cable runway, wall brackets, and "waterfalls" to facilitate wire dropping into the patch panel racks in sixteen different telecom rooms.

f. Change Order No. 13 ($4,213.79): placing innerduct inside the existing ducts from building #78 to building #34 and from building #78 to the maintenance hole outside of building #24.

35. On or about July 16, 2003, ATC submitted certified claims to the Contracting Officer for payment on outstanding change order numbers 7, 8, 9, 11, 12, and 13 totalling $205,503.87.

36. The Contracting Officer has failed to issue a final decision or notify ATC when a final decision will be issued regarding ATC's certified claims for payment of change order numbers 7, 8, 9, 11, 12, and 13.

37. ATC's claims for change order numbers 7, 8, 9, 11, 12, and 13 were properly submitted to the Government for payment and the Government has wrongfully refused to make payment in the amount of $205,503.87, plus interest and Prompt Payment Act interest.

38. The Government wrongfully terminated ATC on the Albany Project and therefore, if payment on these change order numbers 7, 8, 9, 11, 12 and 13 is being withheld by the Government from ATC on the Bath Project to setoff costs on the Albany Project, it is improper.

39. ATC is entitled to payment in the amount of at least $205,503.87.

WHEREFORE, American Telecom Corporation respectfully moves the Court for entry of judgment against the Defendant for $205,503.87, plus interest, costs, and any and all further relief as the Court may deem appropriate.

March 24, 2004

Respectfully submitted,

s/Robert J. Symon

Robert J. Symon, Esq.
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005
(202) 898-5800

Attorney for Plaintiff
AMERICAN TELECOM CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March 2004, a copy of the foregoing **Amended Complaint** was forwarded via electronic filing and first class mail, postage prepaid to the following:

James Meister, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attn: Classification Unit
8th Floor, 1100 L Street, N.W. 20530

s/Robert J. Symon
Robert J. Symon