IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1627C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims("RCFC"), the United States, on behalf of both parties, and with the concurrence of plaintiff, American Telecom Corporation (ATC), submits the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A.

**a. Does the Court have jurisdiction over this action?**

Defendant has filed a motion for partial dismissal of Count II of ATC's amended complaint, which seeks at least $538,132.11 in damages, on jurisdictional grounds. Defendant currently is unaware of any basis upon which to dispute the Court's jurisdiction to entertain the remainder of plaintiff's amended complaint. ATC filed its opposition to Government's motion for partial dismissal on July 2, 2004.

**b. Should this case be consolidated with any other case?**

The parties assert that there is no other case with which this case should be consolidated.

**c. Should trial of liability and damages be bifurcated?**

Defendant believes that the issue of liability for reprocurement costs and the issue of the quantum of reprocurement costs to which the Government may be entitled should be bifurcated.

Plaintiff believes that bifurcation is inappropriate.

**d. Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

The parties do not believe that there are any cases currently before the Court that would warrant deferring these proceedings.

**e. Will a remand or suspension be sought?**

At this time, no party seeks remand or suspension.

**f. Will additional parties be joined?**

At this time, the parties do not believe any additional parties will be joined.

**g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

Defendant has filed a motion for partial dismissal pursuant to RCFC 12(b)(1). No further dispositive motions are anticipated by the parties at this time.

**h. What are the relevant issues?**

Defendant alleges the following issues:

1. Whether the contracting officer justifiably terminated ATC's contract for default for failure to prosecute the work.

2. Whether the Government is entitled to the excess costs of reprocuring the terminated contract.

3. Whether the Government is entitled to excess reprocurement costs in the amount of $699,115.

Plaintiff alleges the following issues:

1. Whether the Government's termination of the Albany Contract was wrongful?

2. If the Albany Contract was wrongfully terminated, what damages are recoverable by Plaintiff?

3. Whether the Government's reprocurement costs are reasonable?

4. Whether the scope of work under the reprocurement contract was the same or similar to the scope of work required of Plaintiff?

**i. What is the likelihood of settlement?**

The parties intend to engage in settlement discussions and will pursue settlement negotiations as the litigation progresses. Defendant believes that some discovery and an audit are required before the parties can realistically engage in settlement discussions.

**j. Do the parties anticipate proceeding to trial?**

If the matter cannot be resolved through settlement, the parties will proceed to trial. The parties propose that the trial be held within 120 days following the closing of the discovery period, assuming that the pending partial motion for dismissal has been decided by the court within that time period. The parties expect that a trial would last approximately one week. The parties request that the trial be held in Washington, D.C. The parties do not believe that an expedited trial schedule is appropriate in this case.

**k. Are there special issues regarding electronic case management needs?**

At this time, the parties do not anticipate any special issues regarding electronic case management needs.

**l. Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

**m. <u>What is the proposed discovery plan?</u>**

The parties propose that fact discovery continue until November 1, 2004. Fact discovery may include document production, written discovery, and depositions in accordance with the RCFC.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

Counsel forDefendant

OF COUNSEL:
HUGO TEUFEL, ESQ.
Associate Solicitor
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON, ESQ.
Attorney Advisor
Office of the Solicitor
Department of the Interior

s/Robert J. Symon
ROBERT J. SYMON
Spriggs & Hollingsworth
1350 I Street, NW
Suite 900
Washington, DC 20005

Date: July 7, 2004

CERTIFICATE OF FILING

I hereby certify that on July 7, 2004, a copy of the foregoing JOINT STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle