IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1627C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL**

Defendant provides the following reply brief in support of its April 16, 2004 motion for partial dismissal, and in response to plaintiff American Telecom Corporation's ("ATC") July 2, 2004 opposition to defendant's motion for partial dismissal ("Pl. Opp." or "plaintiff's opposition"). Defendant's motion for partial dismissal presents one important jurisdictional issue concerning Count II of ATC's amended complaint: whether ATC's claim to recover "damages in the amount of at least $538,132.11 for labor and material" that it allegedly provided to the Government before its contract was terminated for default, is jurisdictionally barred under the Election Doctrine of the Contracts Disputes Act.

In its opposition brief, ATC seeks $538,132.11 for labor and materials for the Albany project which it claims are "undisputed." ATC seeks to differentiate these costs from the $1,507,733.46 it claimed in its initial complaint, asserting that the new claim for damages constitutes undisputed amounts owed to ATC at the time of termination. ATC claims that, if the Court finds that the termination is wrongful "the government should not be permitted to offset

the undisputed amounts against excess reprocurement costs . . ." Pl. Opp. at 2. ATC is clearly wrong in this assertion. Indeed, Count II of ATC's amended complaint alleges in paragraph 18 that "the Government has failed and refused to pay ATC $538,132, plus invoices not submitted, plus the value of materials in storage utilized by the government to complete the Albany project." Plaintiff's Amended Complaint ("Pl. Amend. Compl." or "amended complaint") ¶ 18.

The Government has not admitted that it owes the costs claimed in Count II of the amended complaint, and they are clearly disputed. In fact, these claims are the very subject of the partial motion to dismiss which ATC is opposing. With respect to the claim for these costs, the Government pled in its Answer to Count II of the amended complaint that:

> Defendant has on this date filed a motion for partial dismissal with respect to Count II and, therefore, is not required at this time to please any answer or affirmative defense that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 19 of the amended complaint."

Defendant's Appendix ("DA") at 41.[1] Plainly, therefore, the monetary claims now asserted by ATC are not undisputed. Instead, they are the subject of the Government's extant motion to dismiss.

Moreover, ATC's attempt to distinguish these costs from termination for convenience costs is unavailing. In fact, these are in essence the same termination for convenience costs that this Court has expressly concluded in its previous opinion are barred by the Election Doctrine.[2]

---

[1] Defendant submitted an appendix with its initial motion, and supplements that appendix with additional documents relevant to this filing.

[2] The Court's initial decision upon this matter is instructive on this issue. <u>See</u> <u>American Telecom Corp. v. United States</u>, 59 Fed. Cl. 467 (2004). ATC admits that its initial complaint sought damages in the amount of $1,504.733.46 for costs it incurred "in performing its work on the Albany project." Pl. Opp. p. 3. The Court correctly rejected this claim for damages, holding

American Telecom Corp. v. United States, 59 Fed. Cl. 467, 472 (2004). Because the gist of ATC's present argument is that "Plaintiff does not believe that the Court's ruling extends to amounts that were undisputedly due to the contractor at the time of termination" its opposition is based on a flawed premise, because the Government has expressly disputed the claimed damages in its answer to the amended complaint and partial motion to dismiss filed on September 16, 2004.

Nevertheless, even assuming that these alleged costs were not in dispute, the Election Doctrine would still bar recovery. ATC is seeking nothing more than costs it alleged it incurred prior to termination of the Albany contract. However, there is no question that these costs, if proven and allowable, would have been recoverable at the Interior Board of Contract Appeals if ATC was successful in that forum in converting the default termination to one for convenience. When a fixed-price contract, like the one ATC had with the Government, is terminated for convenience, it is essentially converted into a cost reimbursement contract. White Buffalo Inc. v. United States, 52 Fed. Cl. 1, 4 (2002), citing Best Foam Fabricators, Inc. v. United States, 38 Fed. Cl. 627, 638 (1997) (internal citations omitted); Pl. Opp. p. 2. This is consistent with the termination for convenience clause in this contract. As that clause states,

> the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its

---

that "the Fulford Doctrine does not afford a contractor challenging the position of reprocurement excess costs the right to recover costs upon a showing that the underlying default termination was improper." American Telecom Corp., 59 Fed. Cl. at 472. Indeed, the Court found that pursuant to the Election Doctrine, ATC was precluded to "recover **any costs** for the Albany Contract" even if ATC demonstrates that the default termination was improper because it waived this right by limiting itself to contesting excess procurement costs. Id. at 473 (emphasis added).

> standard record keeping system, have resulted from the termination.

FAR Part 52.212-4 (December 1998); DA at 55.

If ATC was successful at the board, it would have been able to collect on invoices that had been allegedly submitted for payment, as well as those that were yet to be submitted. Indeed, that is the purpose behind the termination for convenience settlement proposal. Teems, Inc. v. General Services Administration, GSBCA No. 14090, 98-1 BCA ¶ 29,357 (Convenience termination settlements are based upon costs incurred in the performance of terminated work, plus a fair and reasonable profit on incurred costs, unless it appears that the contractor would have sustained a loss on the entire contract had it been completed.); Graeme S. Henderson, Terminations for Convenience and the Termination Costs Clause, 53 A. F. L. Rev. 103 (2002); FAR Part 49.201. However, as previously held by this Court, ATC is not entitled to recover these damages here because its previous election to proceed at the Board now bars such recovery. This is so whether the termination for convenience damages claimed by ATC are disputed or undisputed.

For the reasons set forth in our opening brief and above, the Court should grant defendant's motion for partial dismissal and dismiss American Telecom Corporation's claim set forth in Count II for damages in the amount of $538.132.11 for supplies and labor allegedly provided under the terminated Albany contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

OF COUNSEL:

ALTON E. WOODS
Acting Deputy Associate Solicitor
Division of General Law
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON
Attorney Advisor
Office of the Solicitor
Department of the Interior

July 29, 2004

Counsel for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of July, 2004, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle