IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TELECOM CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1627C |
| | ) | ( Judge Hewitt ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM FOR DAMAGES

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

JURISDICTIONAL STATEMENT

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegation contained in paragraph 2 that plaintiff is American Telecom Corporation; denies all other allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

COUNT I

4. Admits the allegations contained in paragraph 4 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

5. Admits the allegation contained in paragraph 5 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

6. Admits the allegation contained in paragraph 6 that American Telecom commenced performance shortly after the Albany contract was awarded; denies all other allegations contained in paragraph 6.

7. Denies.

8. Denies.

9. Admits the allegations contained in paragraph 9 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

10. Admits the allegations contained in paragraph 10 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

11. Admits the allegation contained in paragraph 11 that, on or about October 29, 1999, the Government terminated American Telecom on the Albany contract for default; denies all other allegations contained in paragraph 11, including the allegation that the termination of American Telecom on the Albany contract was wrongful.

12. Admits the allegations contained in paragraph 12 only to the extent supported by the contract document cited, which is the best evidence of its contents; otherwise denies those allegations.

13. Admits the allegations contained in paragraph 13 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

14. Denies the allegations contained in paragraph 14. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 14 of the amended complaint.

COUNT II

15-19. Defendant has on this date filed a motion for partial dismissal with respect to Count II and, therefore, is not required at this time to plead any answer or affirmative defenses as to the allegations in this Count. For the reasons stated in our motion, defendant denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 19 of the amended complaint.

COUNT III

20. Defendant's responses to paragraphs 1 through 19 of the amended complaint are incorporated by reference.

21. The allegations contained in the first sentence of paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 21 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 22 of the amended complaint.

COUNT IV

23. Defendant's responses to paragraphs 1 through 22 of the amended complaint are incorporated by reference.

24. Admits the allegations contained in paragraph 24 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

25. Admits the allegations contained in paragraph 25 only to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies those allegations.

26. Admits the allegation contained in paragraph 26 that the Government accepted American Telecom's work in completion of the Bath project; denies the allegation that the Government accepted American Telecom's work on July 3, 2000.

27. Admits the allegation contained in paragraph 27 that the Government did not pay parts of some American Telecom invoices based upon the Government's offset to reprocure the services required to complete the Albany project; otherwise denies all remaining allegations in paragraph 27.

28. Admits the allegations contained in paragraph 28 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

29. Admits the allegations contained in paragraph 29 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

30. The allegations contained in paragraph 30 that Invoice No. 11 was "properly submitted" and that "the Government has wrongfully refused to make payment in the amount of $113,804.77, plus interest and Prompt Payment Act interest" are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in paragraph 30 that Invoice No. 11 was submitted to the Government for payment and that the Government did not make payment on Invoice No. 11; otherwise denies the remaining allegations in paragraph 30.

31. Denies.

32. Denies the allegations contained in paragraph 32. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 32 of the amended complaint.

COUNT V

33. Defendant's responses to paragraphs 1 through 32 of the amended complaint are incorporated by reference.

34. The allegations in paragraph 34 that plaintiff "encountered changed conditions for which it incurred additional costs" and that the work plaintiff performed identified in sub-paragraphs a. through f. of paragraph 34 "was not in plaintiff's original scope or bid price for the Bath Contract" are conclusions of law to which no response is required; to the extent that they

may be deemed allegations of fact, they are denied. The allegation in paragraph 34 that plaintiff "submitted change proposal numbers 7, 8, 9, 11, 12, and 13" is admitted.

35. Admits the allegations contained in paragraph 35 only to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies those allegations.

36. Admits.

37. The allegations contained in paragraph 37 that "change order numbers 7, 8, 9, 11, 12, and 13 were properly submitted" to the Government and that "the Government has wrongfully refused to make payment in the amount of $205,503.87, plus interest and Prompt Payment Act interest" are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies.

39. Denies the allegations contained in paragraph 39. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 39 of the amended complaint.

40. Denies each and every allegation not previously admitted or otherwise qualified.

41. Denies that plaintiff is entitled to the relief requested in its prayers for relief or to any relief whatsoever.

AFFIRMATIVE DEFENSES

1. Plaintiff's claims in Counts IV are barred, at least in part, because the Government properly terminated plaintiff for default on the Albany contract and offset $87,815.26 of allegedly owed payments.

2. On information and belief, plaintiff's claims in Counts IV and V are barred, at least in part, by accord and satisfaction.

COUNTERCLAIM

1. On January 13, 1999, the DOI non-competitively awarded Contract No. 1435-01-99-30978, the Albany contract to plaintiff, American Telecom Corp. ("American Telecom"). Under this contract, the DOI awarded two delivery orders, Nos. RC30978/82115, awarded January 29, 1999, and 1435-01-99-RC30982/82140, awarded January 13, 1999, to American Telecom for work in renovating certain telephone and data systems at the Albany project.

2. On July 14, 1999, DOI issued a Cure Notice to American Telecom.

3. On October 4, 1999, DOI issued a Show Cause Notice to American Telecom, notifying American Telecom that DOI was considering terminating the Albany contract under the contract's termination for cause provisions.

4. On October 29, 1999, DOI terminated American Telecom for cause on both delivery orders to the Albany contract.

5. On or about March 17, 2000, DOI awarded a reprocurement contract to Communications Products, Inc. to complete the work on the Albany project that American Telecom had failed to complete.

6. The Albany project was completed by Communications Products, Inc.

7. DOI has offset the amount of $87,815.26 that would otherwise be due to American Telecom under Contract No. 1435-01-99-RC-30982, a contract for work in renovating certain telephone and data systems for at the Bath, New York VA Medical Center (the "Bath project").

8. On October 8, 2003, DOI assessed reprocurement costs against American Telecom in the amount of $699,115.

9. The assessed reprocurement costs of $699,115 assessed against American Telecom represent the excess cost of completing the work on the terminated portion of the delivery orders to the Albany contract after credit for the offset of $87,815.26 with respect to the Bath project.

WHEREFORE, the United States requests that the Court enter judgment in favor of the United States in the amount of $699,115, deny all relief sought by plaintiff in its amended complaint, order that plaintiff's amended complaint be dismissed, and grant the United States such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079
Fax: (202) 307-0972

Date: April 16, 2004

OF COUNSEL:
ALTON E. WOODS, ESQ.
Assistant Solicitor
Office of the Solicitor
Department of the Interior

JEANNE A. ANDERSON, ESQ.
Attorney Advisor
Office of the Solicitor
Department of the Interior

CERTIFICATE OF FILING

I hereby certify that on this 16th day of March, 2004, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM FOR DAMAGES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister

# SOLICITATION/CONTRACT/[illegible] [illegible] FOR COMMERCIAL ITEMS
**OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30**

1. [illegible] NUMBER: N/A — PAGE 1 OF 1

2. CONTRACT NO.: 1435-01-99-RC-30982
3. AWARD/EFFECTIVE DATE: See Block 31
4. ORDER NUMBER: N/A
5. SOLICITATION NUMBER: N/A
6. SOLICIATION ISSUE DATE:

7. FOR SOLICITATION INFORMATION CALL: a. NAME — b. TELEPHONE NUMBER (No collect calls)
8. OFFER DUE DATE/ LOCAL TIME

9. ISSUED BY — CODE
Department of the Interior
Minerals Management Service
Procurement Operations Branch
381 Elden Street, Mail Stop 2500
Herndon, VA 20170

10. THIS ACQUISITON IS
☐ UNRESTRICTED
☐ SET ASIDE: % FOR
☐ SMALL BUSINESS
☐ SMALL DISAV. BUSINESS
☒ 8(A)
SIC: 4813
SIZE STANDARD: 1500 empl.

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED ☐ SEE SCHEDULE

12. DISCOUNT TERMS: Net 30 Days

☐ 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)

13b. RATING

14. METHOD OF SOLICITATION ☐ RFQ ☐ IFB ☒ RFP

15. DELIVER TO — CODE
To be specified on individual Delivery Orders

16. ADMINISTERED BY — CODE
Contracting Officer
Address is the same as in Block 9 above

17a. CONTRACTOR/ OFFEROR — CODE — FACILITY CODE
Prime: U.S. Small Business Administration
Subcontractor: American Telecom Corporation
TELEPHONE NO. (336) 852-2091

☐ 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18a. PAYMENT WILL BE MADE BY — CODE
Send Invoices to the Contracting Officer
Address is the same as in Block 9 above.

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED ☐ SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | The Contractor shall provide all equipment, supplies and personnel to perform in accordance with the attached Statement of Work. Contractor shall commence work upon the issuance of individual Delivery Orders issued hereunder. **This contract is issued under Direct Authority from SBA, reference SBA Requirement No 0460-99-900621.** | | | | |
| | *(Attach Additional Sheets as Necessary)* | | | | |

25. ACCOUNTING AND APPROPRIATION DATA
To be provided on Individual Delivery Orders

26. TOTAL AWARD AMOUNT (For Govt. Use Only): N/A

☐ 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA ☐ ARE ☐ ARE NOT ATTACHED
☒ 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA ☒ ARE ☐ ARE NOT ATTACHED

☐ 28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ______ COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

☐ 29. AWARD OF CONTRACT: REFERENCE ______ OFFER DATED ______. YOUR OFFER ON SOLICITATION (BLOCK 5 INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR: [signature]
30b. NAME AND TITLE OF SIGNER (Type or print): Fred Anthony, CEO
30c. DATE SIGNED: 1/12/99

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER): James T. Connors [signature]
31b. NAME OF CONTRACTING OFFICER (Type or print): JAMES T. CONNORS
31c. DATE SIGNED: 1/13/99

32a. QUANTITY IN COLUMN 21 HAS BEEN ☐ RECEIVED ☐ INSPECTED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED

33. SHIP NUMBER — PARTIAL — FINAL
34. VOUCHER NUMBER
35. AMOUNT VERIFIED CORRECT FOR
36. PAYMENT ☐ COMPLETE ☐ PARTIAL ☐ FINAL
37. CHECK NUMBER

32b. SIGNATURE OF AUTHORIZED GOVT. REPRESENTATIVE
32c. DATE
38. S/R ACCOUNT NUMBER
39. S/R VOUCHER NUMBER
40. PAID BY

41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT
41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER
41c. DATE
42a. RECEIVED BY (Print)
42b. RECEIVED AT (Location)
TOTAL CONTAINERS





E - 1

# TABLE OF CONTENTS

This contract contains the following:


| Section | | Page |
|---|---|---|
| I | Standard Form 1449 | 1 |
| II | Addendum to Schedule of Supplies/Services | 1-2 |
| III | Federal Acquisition Regulation 52.212-4, Contract Terms and Conditions--Commercial Items (APR 1998) | 1-4 |
| IV | Addendum to Federal Acquisition Regulation 52.212-4, Contract Terms and Conditions--Commercial Items (APR 1998) | 1-4 |
| V | Federal Acquisition Regulation 52.212-5, Contract Terms and Conditions Required to Implement Statutes or Executive Orders--Commercial Items (OCT 1998) | 1-4 |
| VI | Contract Documents, Exhibits and Attachments | 1 |




E-2

Contract No. 1435-01-99-RC-30982

# ADDENDUM TO SCHEDULE OF SUPPLIES/SERVICES

## 1. SCOPE

This is a firm-fixed-price, indefinite quantity, indefinite delivery order contract issued under the franchise authority of the Department of the Interior, Minerals Management Service. Under the franchise authority, Minerals Management Service provides acquisition support to other federal agencies. This particular contract will provide support in modernizing the existing telecommunications infrastructure within the Veterans Health Administration (VHA).

The contractor shall deliver integrated voice, data and video-transmission telecommunications media and shall perform the required site preparation improvements to support the installation and facility requirements. The government anticipates that this work will be performed at VHA hospitals and health clinics located nationwide. All work shall be performed in accordance with the General Statement of Work contained under Section VI of this contract and with the specification design for the particular medical center facility attached to each Delivery Order issued against this contract. It is anticipated that this contract will be used primarily for the VAMC at Bath, New York.

## 2. MINIMUM AND MAXIMUM THRESHOLDS

During the life of this contract, the government is not obligated to purchase services at any specified monetary minimum. Both the government and the contractor agree that minimum "consideration" under this contract is the contractor's benefit in holding this contract and the opportunity to perform as a contractor source for services identified in the General Statement of Work. The total amount of this contract shall not exceed a maximum amount of $2,990,000.

## 3. PERIOD OF PERFORMANCE

The term of this contract is thirty-six (36) months from the date of award or until the aggregate total of all Delivery Orders issued against this contract equals the maximum dollar threshold cited above, whichever shall come first. The contractor shall complete the work associated with each Delivery Order in accordance with the completion time specified on the order.

## 4. LABOR CATEGORIES AND RATES

The contractor's labor category proposal dated December 07, 1998 is hereby incorporated into this contract by reference. The following labor categories and loaded labor rates shall be incorporated into any Delivery Order issued against this contract.

| LABOR CATEGORY | LABOR RATE |
|---|---|
| Project Manager | $44.10 |
| Electrician | $32.43 |
| Technician III | $27.24 |
| Technician II | $23.35 |
| Technician I | $19.46 |

All travel under this contract shall be in accordance with the Federal Travel Regulations and shall bear no fee. The contractor shall seek competitive bids for all lots of equipment and/or supplies exceeding $2,500 and provide them to the government as backup documentation to support price reasonability in the award of a Task Order. As an alternative to seeking competitive bids, the contractor may show that the proposed pricing is at or below the General Services Administration's Federal Supply Schedule Contract price for the same type of item.

## 5. PLACE OF PERFORMANCE

The specific place of performance will be identified on each delivery order issued against this contract.

## 6. ISSUANCE OF DELIVERY ORDERS AND CONTRACT ADMINISTRATION

The following individual will issue all Delivery Orders against this contract and perform contract administration:

Contracting Officer
Procurement Operations Branch
381 Elden Street, MS2500
Herndon, Virginia 20170-4817

Copies of all correspondence concerning this contract must be provided to the Contracting Officer at the address stated above.

## 7. INVOICING

Contractor shall submit invoices to the Contracting Officer at the address indicated above in accordance with FAR 52.212-4(g) Invoice (see section III of this contract).

52.212-4 CONTRACT TERMS AND CONDITIONS--COMMERCIAL ITEMS (APR 1998)

(a) *Inspection/Acceptance.* The Contractor shall only tender for acceptance those items that conform to the requirements of this contract. The Government reserves the right to inspect or test any supplies or services that have been tendered for acceptance. The Government may require repair or replacement of nonconforming supplies or reperformance of nonconforming services at no increase in contract price. The Government must exercise its post-acceptance rights (1) within a reasonable time after the defect was discovered or should have been discovered; and (2) before any substantial change occurs in the condition of the item, unless the change is due to the defect in the item.

(b) *Assignment.* The Contractor or its assignee's rights to be paid amounts due as a result of performance of this contract, may be assigned to a bank, trust company, or other financing institution, including any Federal lending agency in accordance with the Assignment of Claims Act (31 U.S.C. 3727).

(c) *Changes.* Changes in the terms and conditions of this contract may be made only by written agreement of the parties.

(d) *Disputes.* This contract is subject to the Contract Dispute Act of 1978, as amended (41 U.S.C. 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claims, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract.

(e) *Definitions.* The clause at FAR 52.202-1, Definitions, is incorporated herein by reference.

(f) *Excusable delays.* The Contractor shall be liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the Contractor and without its faults or negligence such as, acts of God or the public enemy, acts of the Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, unusually severe weather, and delays of common carriers. The Contractor shall notify the Contracting Officer in writing as soon as it is reasonably possible after the commencement of any excusable delay, setting forth the full particulars in connection therewith, shall remedy such occurrence with all reasonable dispatch, and shall promptly give written notice to the Contracting Officer of the cessation of such occurrence.

(g) *Invoice.* The Contractor shall submit an original invoice and three copies (or electronic invoice, if authorized,) to the address designated in the contract to receive invoices. An invoice must include--

(1) Name and address of the Contractor;
(2) Invoice date;
(3) Contract number, contract line item number and, if applicable, the order number;

(4) Description, quantity, unit of measure, unit price and extended price of the items delivered;
(5) Shipping number and date of shipment including the bill of lading number and weight of shipment if shipped on Government bill of lading;
(6) Terms of any prompt payment discount offered;
(7) Name and address of official to whom payment is to be sent; and
(8) Name, title, and phone number of person to be notified in event of defective invoice.

Invoices will be handled in accordance with the Prompt Payment Act (31 U.S.C. 3903) and Office of Management and Budget (OMB) Circular A-125, Prompt Payment. Contractors are encouraged to assign an identification number to each invoice.

(h) *Patent Indemnity.* The Contractor shall indemnify the Government and its offerors, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of his contract, provided the Contractor is reasonably notified of such claims and proceedings.

(I) *Payment.* Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract. The Government will make payment in accordance with the Prompt Payment Act (31 U.S.C. 3903) and Office of Management and Budget (OMB) Circular A-125, Prompt Payment. Unless otherwise provided by an addendum to this contract, the Government shall make payment in accordance with the clause at FAR 52.232-33, Mandatory Information for Electronic Funds Transfer Payment, which is incorporated herein by reference. In connection with any discount offered for early payment, time shall be computed from the date of the invoice. For the purpose of computing the discount earned, payment shall be considered to have been made on the date which appears on the payment check or the specified payment date if an electronic funds transfer payment is made.

(j) *Risk of loss.* Unless the contract specifically provides otherwise, risk of loss or damage to the supplies provided under this contract shall remain with the Contractor until, and shall pass to the Government upon:

(1) Delivery of the supplies to a carrier, if transportation is f.o.b. origin; or
(2) Delivery of the supplies to the Government at the destination specified in the contract, if transportation is f.o.b. destination.

(k) *Taxes.* The contract price includes all applicable Federal, State, and local taxes and duties.

(l) *Termination for the Government's convenience.* The Government reserves the right to

terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination. The Contractor shall not be required to comply with the cost accounting standards or contract cost principles for this purpose. This paragraph does not give the Government any right to audit the Contractor's records. The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

(m) *Termination for cause.* The Government may terminate this contract, or any part hereof, for cause in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all rights and remedies provided by law. If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.

(n) *Title.* Unless specified elsewhere in this contract, title to items furnished under this contract shall pass to the Government upon acceptance, regardless of when or where the Government takes physical possession.

(o) *Warranty.* The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.

(p) *Limitation of liability.* Except as otherwise provided by an express or implied warranty, the Contractor will not be liable to the Government for consequential damages resulting from any defect or deficiencies in accepted items.

(q) *Other compliances.* The Contractor shall comply with all applicable Federal, State, and local laws, executive orders, rules and regulations applicable to its performance under this contract.

(r) *Compliance with laws unique to Government contracts.* The Contractor agrees to comply with 31 U.S.C. 1352 relating to limitations on the use of appropriated funds to influence certain Federal contracts; 18 U.S.C. 431 relating to officials not to benefit; 40 U.S.C. 327, *et seq.*, Contract Work Hours and Safety Standards Act; 41 U.S.C. 51-58, Anti-Kickback Act of 1986; 41 U.S.C. 265 and 10 U.S.C. 2409 relating to whistleblower protections; and 49 U.S.C. 40118, Fly American; and 41 U.S.C. 423 relating to procurement integrity.

(s) *Order of precedence.* Any inconsistencies in this solicitation or contract shall be

resolved by giving precedence in the following order: (1) the schedule of supplies/services; (2) the Assignments, Disputes, Payments, Invoice, Other Compliances, and Compliance with Laws Unique to Government Contracts paragraphs of this clause; (3) the clause at 52.212-5; (4) addenda to this solicitation or contract, including any license agreements for computer software; (5) solicitation provisions if this is a solicitation; (6) other paragraphs of this clause; (7) the Standard Form 1449; (8) other documents, exhibits, and attachments; and (9) the specification.

(End of clause)

## ADDENDUM TO FEDERAL ACQUISITION REGULATION 52.212-4 CONTRACT TERMS AND CONDITIONS--COMMERCIAL ITEMS (APR 1998)

### 1. FAR 52.216-18, ORDERING (OCT 1995)

(a) Any supplies and services to be furnished under this contract shall be ordered by issuance of delivery orders or task orders by the individuals or activities designated in the schedule. Such orders may be issued from the date of contract award through a period of thirty-six (36) months or until the Maximum Amount stipulated in Section II.2 of this contract is met.

(b) All delivery orders or task orders are subject to the terms and conditions of this contract. In the event of conflict between a delivery order or task order and this contract, the contract shall control.

(c) If mailed, a delivery order or task order is considered "issued" when the Government deposits the order in the mail. Orders may be issued orally or by written telecommunications only if authorized in the Schedule.

### 2. FAR 52.216-19, ORDER LIMITATION (OCT 1995)

(a) Minimum Order. When the Government requires supplies or services covered by this contract in an amount of less than $10.00, the Government is not obligated to purchase, nor is the Contractor obligated to furnish those supplies or services under the contract.

(b) Maximum Order. Delivery Orders issued against this contract will not be restricted to a maximum order limitation provided that the Maximum Dollar Threshold cited in 2. MINIMUM AND MAXIMUM THRESHOLDS on page II-1 is not exceeded.

### 3. FAR 52.216-22, INDEFINITE QUANTITY (OCT 1995)

(a) This is an indefinite-quantity contract for services or supplies specified, and effective for the period stated in the Schedule. The quantities of supplies and services specified in the Schedule are estimates only and are not purchased by this contract.

(b) Delivery or performance shall be made only as authorized by orders issued in accordance with the Ordering clause. The Contractor shall furnish to the Government, when and if ordered, the supplies or services specified in the Schedule up to and including the quantity designated in the Schedule as the "maximum." The Government shall order at least the quantity of supplies or services designated in the Schedule as the "minimum."

(c) Except for any limitations on quantities in the Order Limitations clause or in Schedule, there is no limit on the number of orders that may be issued. The Government may issue orders requiring delivery to multiple destinations or performance at multiple locations.

(d) Any order issued during the effective period of this contract and not completed within that period shall be completed by the Contractor within the time specified in the order. The contract shall govern the Contractor's and Government's rights and obligations with respect to that order to the same extent as if the order were completed during the contract's effective period.

(End of clause)

## 4. CONTRACTOR COMMITMENTS, WARRANTIES AND REPRESENTATIONS

Any written commitment by the Contractor within the scope of this contract shall be binding upon the Contractor. Failure of the Contractor to fulfill any such commitment shall render the Contractor liable under the terms of this contract.

For the purpose of this, a written commitment by the Contractor is limited to the proposal submitted by the Contractor, and to specific written modifications to the proposal. Written commitments by the Contractor are further defined as including: (1) any warranty or representation made by the Contractor in a proposal as to hardware or software performance, total systems performance and other physical, design or functioning characteristics of a hardware or software package or system or installation date, (2) any warranty made by the Contractor concerning the characteristics or items described in (1) above made in any publications or specifications accompanying or referred to in a proposal, and (3) any modification of or affirmation or representation as to the above which is made by the Contractor.

The warranty shall not apply to repair required due to the fault or negligence of the Government; however, in the event of any dispute regarding the fixing of responsibility, the Contractor shall not delay the necessary repair.

## 5. COMMERCIAL WARRANTY

The Contractor shall provide a standard commercial warranty on all supplies and equipment furnished.

## 6. WARRANTY EXCLUSIONS AND LIMITATION OF DAMAGES

Except as expressly set forth in writing in this agreement, there are no warranties expressed or implied. In no event will the contractor be liable to the Government for consequential damages as defined in the Uniform Commercial Code, section 2-715. Consequential damages resulting from the seller's breach include:

- Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not be prevented by cover or otherwise; and



E - 10

- Injury to person or property proximately resulting from any breach of warranty.

7. YEAR 2000 WARRANTY

The Contractor warrants that each product delivered under this contract will be able to accurately process date from, into, and between the 20th and 21st centuries.

8. FAR 52.228-5, INSURANCE– WORK ON A GOVERNMENT INSTALLATION (JAN 1997)

(a) The Contractor shall, at its own expense, provide and maintain during the entire performance of this contract, at least the kinds and minimum amounts of insurance required in the Schedule or elsewhere in the contract.

(b) Before commencing work under this contract, the Contractor shall notify the Contracting Officer in writing that the required insurance has been obtained. The policies evidencing required insurance shall contain an endorsement to the effect that any cancellation or any material change adversely affecting the Government's interest shall not be effective (1) for such period as the laws of the State in which this contract is to be performed prescribe, or (2) until 30 days after the insurer or the Contractor gives written notice to the Contracting Officer, whichever period is longer.

(c) The Contractor shall insert the substance of this clause, including this paragraph (c), in subcontracts under this contract that require work on a Government installation and shall require subcontractors to provide and maintain the insurance required in the Schedule or elsewhere in the contract. The Contractor shall maintain a copy of all subcontractors' proofs of required insurance, and shall make copies available to the Contracting Officer upon request.

9. INSURANCE AMOUNTS

With respect to Clause 52.228-5 above, the contractor shall acquire and maintain the following amounts of Insurance.

(a) Workmans' compensation insurance, or equivalent coverage, as required or prescribed by law, with minimum employer liability limit of $100,000 for accidental bodily injury or death, or for occupational disease.

(b) Comprehensive general liability with minimum limits of $500,000 per occurrence.

(c) Automobile liability with minimum limits of $200,000 per person and $500,000 per accident or occurrence for bodily injury and $20,000 per accident or occurrence of property damage.



E - N

**10. FAR 52.219-70XX, SECTION 8(a) DIRECT AWARDS**

(a) This contract is issued as a direct award between the contracting activity and the 8(a) contractor pursuant to the Memorandum of Understanding between the Small Business Administration (SBA) and the Department of the Interior. SBA does retain responsibility for 8(a) certification, 8(a) eligibility determinations and related issues, and providing counseling and assistance to the 8(a) contractor under the 8(a) program. The cognizant SBA district office is: **Charlotte, North Carolina.**

(b) The contracting activity is responsible for administering the contract and taking any action on behalf of the Government under the terms and conditions of the contract. However, the contracting activity shall give advanced notice to the SBA before it issues a final notice terminating performance, either in whole or in part, under the contract. The contracting activity shall also coordinate with SBA prior to processing any novation agreement. The contracting activity may assign contract administration functions to a contract administration office.

(c) The contractor agrees:

(1) to notify the Contracting Officer, simultaneous with its notification to SBA (as required by SBA's 8(a) regulations), when the owner of owners upon whom 8(a) eligibility is based, plan to relinquish ownership or control of the concern. Consistent with 15 U.S.C. 637 (a) (21), transfer of ownership or control shall result in termination of the contract for convenience, unless SBA waives the requirement for termination prior to the actual relinquishing of ownership and control.

(2) it will adhere to the requirements of 52.219-14, Limitations on Subcontracting.

(End of clause)

**11. PREVAILING DEPARTMENT OF LABOR WAGE DETERMINATION**

This contract is issued pursuant to the Service Contract Act of 1965, as amended. A wage determination has been issued for this requirement and is contained under Section VI of this contract.

52.212-5 CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS--COMMERCIAL ITEMS (OCT 1998)

(a) The Contractor agrees to comply with the following FAR clauses, which are incorporated in this contract by reference, to implement provisions of law or executive orders applicable to acquisitions of commercial items.

(1) 52.222-3, Convict Labor (E.O. 11755); and

(2) 52.233-3, Protest After Award (31 U.S.C. 3553).

(b) The Contractor agrees to comply with the FAR clause in this paragraph (b) which the Contracting Officer has indicated as being incorporated in this contract by reference to implement provisions of law or executive orders applicable to acquisitions of commercial items or components:

|X| (1) 52.203-6, Restrictions on Subcontractor Sales to the Government, with Alternate I (41 U.S.C. 253g and 10 U.S.C. 2402)

|_| (2) [Reserved]

|X| (3) 52.219-8, Utilization of Small Business Concerns and Small Disadvantaged Business Concerns (15 U.S.C. 637(d)(2) and (3))

|X| (4) 52.219-9, Small, Small Disadvantaged and Women-Owned Small Business Subcontracting Plan (15 U.S.C. 637(d)(4))

|X| (5) 52.219-14, Limitation on Subcontracting (15 U.S.C. 637(a)(14))

|_| (6)(I) 52.219-23, Notice of Price Evaluation Adjustment for Small Disadvantaged Business Concerns (Pub.L. 103-355, section 7102, and 10 U.S.C. 2323) (if the offeror elects to waive the adjustment, it shall so indicate in its offer).

|_| (ii) Alternate I of 52.219-23.

|X| (7) 52.222-26, Equal Opportunity (E.O. 11246)

|X| (8) 52.222-35, Affirmative Action for Disabled Veterans and Veterans of the Vietnam Era (38 U.S.C. 4212)

|X| (9) 52.222-36, Affirmative Action for Workers with Disabilities (29 U.S.C. 793)



E - 9

|X| (10) 52.222-37, Employment Reports on Disabled Veterans and Veterans of the Vietnam Era (38 U.S.C. 4212)

|X| (11) 52.225-3, Buy American Act-Supplies (41 U.S.C. 10)

|_| (12) 52.225-9, Buy American Act-Trade Agreements Act-Balance of Payments Program (41 U.S.C. 10, 19 U.S.C. 2501-2582)

|_| (13) [Reserved]

|_| (14) 52.225-18, European Union Sanction for End Products (E.O. 12849)

|_| (15) 52.225-19, European Union Sanction for Services (E.O. 12849)

_| (16) (I) 52.225-21, Buy American Act-North American Free Trade Agreement Implementation Act-Balance of Payments Program (41 U.S.C. 10, Pub.L. 103-187)

|_| (ii) Alternate I of 52.225-21

|_| (17) 52.239-1, Privacy or Security Safeguards (5 U.S.C. 552a)

|_| (18) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (46 U.S.C. 1241)

(c) The Contractor agrees to comply with the FAR clauses in this paragraph (c), applicable to commercial services, which the Contracting Officer has indicated as being incorporated in this contract by reference to implement provisions of law or executive orders applicable to acquisitions of commercial items or components:

|X| (1) 52.222-41, Service Contract Act of 1965, as amended (41 U.S.C. 351, et seq.)

|X| (2) 52.222-42, Statement of Equivalent Rates for Federal Hires (29 U.S.C. 206 and 41 U.S.C. 351, et seq.)

|X| (3) 52.222-43, Fair Labor Standards Act and Service Contract Act-Price Adjustment (Multiple Year and Option Contracts) (29 U.S.C. 206 and 41 U.S.C. 351, et seq.)

[ ] (4) 52.222-44, Fair Labor Standards Act and Service Contract Act-Price Adjustment (29 U.S.C. 206 and 41 U.S.C. 351, et seq.)

[ ] (5) 52.222-47, SCA Minimum Wages and Fringe Benefits Applicable to Successor Contract Pursuant to Predecessor Contractor Collective Bargaining Agreement (CBA) (41 U.S.C. 351, et seq.)

(d) *Comptroller General Examination of Record.* The Contractor agrees to comply with the provisions of this paragraph (d) if this contract was awarded using other than sealed bid, is in excess of the simplified acquisition threshold, and does not contain the clause at 52.215-2, Audit and Negotiation.

(1) The Comptroller General of the United States, or an authorized representative of the Comptroller General, shall have access to and right to examine any of the Contractor's directly pertinent records involving transactions related to this contract.

(2) The Contractor shall make available at its offices at all reasonable times the records, materials, and other evidence for examination, audit, or reproduction, until 3 years after final payment under this contract or for any shorter period specified in FAR Subpart 4.7, Contractor Records Retention, of the other clauses of this contract. If this contract is completely or partially terminated, the records relating to the work terminated shall be made available for 3 years after any resulting final termination settlement. Records relating to appeals under the disputes clause or to litigation or to the settlement of claims arising under or relating to this contract shall be made available until such appeals, litigation, or claims are finally resolved.

(3) As used in this clause, records include books, documents, accounting procedures and practices, and other data, regardless of type and regardless of form. This does not require the Contractor to create or maintain any record that the Contractor does not maintain in the ordinary course of business or pursuant to a provision of law.

(e) Notwithstanding the requirements of the clauses in paragraphs (a), (b), (c), or (d) of this clause, the Contractor is not required to include any FAR clause, other than those listed below (and as may be required by an addenda to this paragraph to establish the reasonableness of prices under Part 15), in a subcontract for commercial items or commercial components--

(1) 52.222-26, Equal Opportunity (E.O. 11246);

(2) 52.222-35, Affirmative Action for Disabled Veterans and Veterans of the Vietnam Era (38 U.S.C. 4212);

(3) 52.222-36, Affirmative Action for Workers with Disabilities (29 U.S.C. 793)





E-6

(4) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (46 U.S.C. 1241) (flow down not required for subcontracts awarded beginning May 1, 1996).

(End of clause)

## CONTRACT DOCUMENTS, EXHIBITS AND ATTACHMENTS

The following documents are attached and made part of this contract.

1. Statement of Work

2. Department of Labor – Wage Determination



E - 4